Karen R. Brungard, Plaintiff, *v.* John A. Hartman and Mansfield State College, Defendants.

Argued February 5, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William Wiest,* with him *Roger V. Weist* and *Wiest & Younkin,* for plaintiff.

*John D. Lewis,* with him *Cox, Wilcox, Owlett & Lewis,* for defendant, John A. Hartman.

*Larry B. Selkowitz,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for defendant, Mansfield State College.

OPINION BY JUDGE WILKINSON, March 7, 1974:

Because of its clarity and conciseness, we quote the history of the case as contained in the brief of able counsel for the plaintiff: "Plaintiff filed a Complaint in Trespass in the Commonwealth Court entered to No. 1100 C.D. 1972, setting forth three (3) separate counts averring negligence on behalf of the Defendant, MANSFIELD STATE COLLEGE, the Defendant, JOHN A. HARTMAN, and the joint negligence of the both Defendants. The cause of action in question arises out of an explosion which occurred in the laboratory classroom of the Defendant, MANSFIELD STATE COLLEGE, wherein the Plaintiff, a student at MANSFIELD STATE COLLEGE, was injured while under the supervision of the Defendant, JOHN A. HARTMAN, a member of the MANSFIELD STATE COLLEGE faculty. Both Defendants filed Preliminary Objections raising the doctrine of sovereign immunity."

The matter of the sovereign immunity of the Commonwealth and its agency has been so recently decided

and so thoroughly discussed by our Supreme Court that that aspect of the case merely requires the citations of *Sweigard v. Department of Transportation,* 454 Pa. 32, 309 A. 2d 374 (1973); *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A. 2d 849 (1973). The more recent decision of our Supreme Court in *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A. 2d 877 (1973), far from overruling that doctrine, expressly reaffirmed it.

There is no question that defendant, Mansfield State College, is an agency of the Commonwealth, for plaintiff alleges in paragraph 3 of her complaint that it is owned and operated by the Commonwealth of Pennsylvania. As an agency of the Commonwealth, Mansfield State College is cloaked with sovereign immunity.

The question of the individual liability of defendant, John A. Hartman, turns on whether he was acting within his authority and in an intentional, malicious, wanton and reckless manner.[1] Obviously, for purposes of the preliminary objections, he was acting within his authority, for the plaintiff so alleges in paragraph 6 of the complaint.

As to whether he was acting in an intentional, malicious, wanton and reckless manner, again we must take the allegations of the complaint to be correct, and all that there is alleged is simple negligence. In paragraph 13 of Count I, being the action against Professor Hartman, it is alleged:

"13. The injuries of the Plaintiff resulted solely from the negligence of the Defendant, JOHN A. HART-MAN, in that:

"(a) He failed to properly warn and instruct the Plaintiff of the possbile dangers of the aforesaid laboratory experiment;

---

[1] Counsel for Professor Hartman appropriately states in his brief that he does not seriously argue that his client is a high public official enjoying absolute immunity.

"(b) He failed to provide adequate supervision to students placed under his control;

"(c) He permitted said experiment to be supervised by persons lacking the necessary qualifications and skills;

"(d) He failed to exercise proper precautions for the Plaintiff's safety; and

"(e) He failed to otherwise exercise due care under the circumstances."

The law of Pennsylvania with regard to the individual liability of public officials and employees of the Commonwealth, as interpreted by this Court, has been ably analyzed and clearly set forth recently by Judge BLATT in *Dubree, Jr., Executor v. Commonwealth*, 8 Pa. Commonwealth Ct. 567, 574, 575, 303 A. 2d 530, 534 (1973) : "To place liability upon a public official who is not a high public official, therefore, it is merely necessary to show that the officer concerned was not acting within the scope of his authority, and that the conduct complained of was intentional, as well as malicious, wanton or reckless. He may escape liability, however, if he did act within the scope of his authority and if his negligent conduct was not intentionally malicious, wanton or reckless."

Accordingly, we enter the following

### Order

Now, March 7, 1974, the preliminary objections filed by the Commonwealth, Mansfield State College, and by the individual defendant, John A. Hartman, are sustained and the complaint is dismissed.

Judge CRUMLISH concurs in the result only.