390 A.2d 181

**Jimmy V. MAYLE, Appellant,**

v.

**PENNSYLVANIA DEPARTMENT OF HIGHWAYS.**

Supreme Court of Pennsylvania.

Aug. 31, 1978.

ORDER

PER CURIAM.

Application for Reargument Denied.

POMEROY, Justice, dissenting.

The application for reargument filed by the Commonwealth of Pennsylvania in this case seeks basically a ruling from this Court at this time that the Court's decision, which removed the constitutional bar to suits against the Commonwealth, be made effective and applicable (as to all cases other than the instant case and those other cases decided the same day [1]) only to cases wherein the cause of action accrued on and after a future date to be fixed by this Court. Because the application presents an important question meriting the consideration of the Court, I feel warranted in taking the unusual step of expressing my disagreement with the denial of the application through this dissenting opinion.

The Court's decision in *Mayle,* et al. overruled scores of past decisions on which reliance had been placed. The Commonwealth, in its petition now before us, represents that the impact of the Court's decision on the Commonwealth will be severe and that the orderly administration of government demands that a "reasonable but finite" time should be provided for the other branches of state government to "comprehensively address the complex problems of suits against the state."

There is general recognition of the propriety, in jurisprudential and constitutional terms, of the prospective application of a decision by a court which overrules an established precedent upon which there has been justifiable reliance. See *Great Northern Railway Co. v. Sunburst Oil & Refining*

1. *Poklemba v. Shamokin State General Hospital,* 479 Pa. 414, 388 A.2d 722 (Opinion filed July 14, 1978); *Porr v. Commonwealth of Pennsylvania,* 479 Pa. 419, 388 A.2d 725 (Opinion filed July 14, 1978); *Garrettson v. Commonwealth of Pennsylvania,* 479 Pa. 416, 388 A.2d 724 (Opinion filed July 14, 1978).

*Co.*, 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932). *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Annotation, "Retroactive or Merely Prospective Operation of New Rule Adopted by Court in Overruling Precedent—Federal Cases," 14 L.Ed.2d 993, 1001–02. Specifically, there is ample precedent and authority for delaying the effective date of decisions in cases where sovereign immunity has been abolished. In a number of our sister states their highest courts have made some provision to postpone the effective date of their decisions in which this change in the legal status of the state has been made.[2]

It seems to me that the Court should be willing to consider, in light of briefs and argument addressing that question only, whether and to what extent the "break with [this state's] decisional past," *Laughner v. Allegheny County*, 436 Pa. 572, 585 n.10, 261 A.2d 607, 613 n.10 (1970) (POMEROY, J., dissenting), which the holding in the present case brings about, warrants a delay in its effective date. See *Incollingo v. Ewing*, 444 Pa. 263, 309–11, 282 A.2d 206, 229–30 (1971). If no postponement or delay is then granted, that determination will at least have been a reasoned one made in light of all factors the parties can bring to bear on the subject. I would grant reargument for that limited purpose.

**2.** See *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. 1977) (date postponed from November 14, 1977 until August 15, 1978); *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1975) (date postponed from September 26, 1975 until July 1, 1976); *Nieting v. Blondell*, 235 N.W.2d 597 (Minn.1975) (date postponed from October 31, 1975 until August 1, 1976); *Evans v. Board of County Commissioners*, 174 Colo. 97, 482 P.2d 968 (1971) (date postponed from March 22, 1971 until June 30, 1972); *Willis v. Department of Conservation & Economic Dev.*, 55 N.J. 534, 264 A.2d 34 (1970) (date postponed from April 20, 1970 until January 1, 1971); *Becker v. Beaudoin*, 106 R.I. 562, 261 A.2d 896 (1970) (date postponed from February 9, 1970 until June 30, (1970); *Smith v. State*, 93 Idaho 795, 473 P.2d 937 (1970) (date postponed until the adjournment of the next legislative session); *Carroll v. Kittle*, 203 Kan. 841, 457 P.2d 21 (1969) (date postponed from July 17, 1969 until August 30, 1969); *Johnson v. Municipal University of Omaha*, 184 Neb. 512, 169 N.W.2d 286 (1969) (date postponed for one month from decision date); *Holytz v. Milwaukee*, 17 Wis.2d 26, 115 N.W.2d 618 (1962) (date postponed from June 5, 1962 until July 15, 1962).