394 A.2d 1265

**Karen R. BRUNGARD, Appellant,**

v.

**John A. HARTMAN and Mansfield State College.**

Supreme Court of Pennsylvania.

Reargued Jan. 18, 1978.

Decided Oct. 5, 1978.

Richard Z. Freemann, Jr., Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Roger V. Wiest, Wiest & Younkin, Sundburg, for appellant.

Howard M. Levinson, Deputy Atty. Gen., Gerald Gornish, Harrisburg, for appellee, Mansfield State College.

John D. Lewis, Wellsboro, Mark M. Wilcox, Drinker, Biddle & Reath, Philadelphia, for appellee, John A. Hartman.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

ROBERTS, Justice.

Appellant Karen Brungard filed a complaint in trespass against appellees, Mansfield State College and John A. Hartman, a chemistry professor at the College. The complaint alleged that Brungard was injured in an explosion in a chemistry laboratory which occurred because of the negligence of appellees.*

The Commonwealth Court dismissed the complaint against Mansfield State on the basis of sovereign immunity. In *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), we abrogated this doctrine. The order of the Commonwealth Court with respect to Mansfield State College is vacated.

The Commonwealth Court dismissed the complaint against appellee Hartman on the basis of "official immunity." In *DuBree v. Commonwealth of Pennsylvania*, 481 Pa. 543, 393 A.2d at 294 (1978), this Court concluded that the liability of officials of the Pennsylvania Department of Transportation "should not have been analyzed solely on the

---

* We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 203, 17 P.S. § 211.203 (Supp.1978).

basis of their status as employees of the Commonwealth." 481 Pa. at 544, 393 A.2d at 294. Rather, "an examination is required of whether the considerations underlying 'official immunity' are effectively advanced." Id. Accordingly, in *DuBree*, this Court stated: "Where, but for the defendant's status, a right of action would lie under analogous rules of law, and no public policy would be promoted in shielding a defendant from liability, and the plaintiff has not failed to pursue existing remedies, denial of the possibility of recovery is unjustified." Id., 481 Pa. at 546, 393 A.2d at 296. We vacate the order of the Commonwealth Court dismissing appellant's complaint against appellee Hartman and remand for consideration in light of all the principles enunciated in *DuBree*.

Order of the Commonwealth Court vacated and case remanded for proceedings consistent with this opinion.

Mr. Justice O'BRIEN and Mr. Justice POMEROY would affirm the order of the Commonwealth Court as to Mansfield State College for the reasons set forth in *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 407, 408, 388 A.2d 709, 720, 721 (1978) (O'Brien, J., dissenting; Pomeroy, J., dissenting). In all other respects, Mr. Justice O'BRIEN and Mr. Justice POMEROY join the Opinion of the Court.

NIX, J., filed a concurring and dissenting opinion.

EAGEN, C. J., notes a dissent.

NIX, Justice, concurring and dissenting.

I concur in the opinion of the majority in so far as this Court has previously abrogated the doctrine of sovereign immunity. *See Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978); nevertheless, I dissent from the opinion of the majority on the issue of official immunity for the same reasons which are set forth in my dissenting opinion in *DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978) (Nix, J., dissenting).