419 A.2d 1171

**Karen R. BRUNGARD, Appellant,**

v.

**MANSFIELD STATE COLLEGE.**

Supreme Court of Pennsylvania.

July 21, 1980.

Richard Z. Freemann, Jr., Bonnie S. Brier, George E. Moore, Philadelphia, for appellant.

Jered L. Hock, Harrisburg, for appellee John A. Hartman.

John G. Eidmueller, Jr., Dep. Atty. Gen., Herbert L. Olivieri, Atty. Gen., Dauphin, for appellee Mansfield State College.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In 1972 appellant Karen Brungard commenced this action in trespass against Mansfield State College and Professor John A. Hartman, a chemistry professor at the College. The complaint alleged that appellant was injured in a chemistry lab explosion as a result of defendants' negligence. The Commonwealth Court dismissed the complaint against the College on the basis of sovereign immunity, and dismissed the complaint against the professor on the basis of official immunity. See *Brungard v. Hartman*, 12 Pa.Cmwlth. 477, 315 A.2d 913 (1974). On appeal this Court (1) vacated the Commonwealth Court's order with respect to the College on the basis of our decision in *Mayle v. Pennsylvania Dept. of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), application for reargument denied, 479 Pa. 411, 390 A.2d 181 (1978),[1] and (2) vacated the Commonwealth Court's order

---

1. The Commonwealth's application for reargument requested that this Court give *Mayle* prospective effect only.

with respect to the professor and remanded for consideration in light of the principles of official immunity enunciated in *Dubree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978). See *Brungard v. Hartman*, 483 Pa. 200, 394 A.2d 1265 (1978).

On remand, the Commonwealth Court dismissed the complaint with respect to the College on the ground that Act 152, Act of September 28, 1978, P.L. 788, §§ 1 et seq., which created for the first time in Pennsylvania statutory sovereign immunity in certain categories, barred the action.[2] See *Brungard v. Hartman*, 46 Pa.Cmwlth. 10, 405 A.2d 1089 (1979).

This Court recently held in *Gibson v. Commonwealth of Pennsylvania*, 490 Pa. 156, 415 A.2d 80 (1980), that Act 152 cannot be constitutionally applied to actions like the instant one which accrued and were in existence prior to passage of the Act. Here, as in *Gibson*, it was error for the Commonwealth Court to dismiss the complaint against the College.

Accordingly, the order of the Commonwealth Court dismissing the complaint with respect to the College is vacated and the case is remanded for further proceedings consistent with this opinion.

NIX, J., files a dissenting opinion.

EAGEN, C. J., and O'BRIEN, J., dissent.

NIX, Justice, dissenting.

I dissent for the same reasons set forth in my dissenting opinion in *Bershefsky v. Commonwealth of Pennsylvania, Department of Public Welfare and Farview State Hospital*, 491 Pa. 102, 418 A.2d 1331 (1980).

**2.** The Commonwealth Court also transferred appellant's complaint against the professor to the court of common pleas for appropriate proceedings. That order is not challenged here.