425 A.2d 444

**HERR ABSTRACT COMPANY, Appellant,**

v.

**James A. VANCE, III, Cynthia A. Vance, and Lock Haven Savings and Loan Association.**

Superior Court of Pennsylvania.

Argued June 14, 1979.

Filed Dec. 5, 1980.

Reargument Denied Feb. 23, 1981.

Petition for Allowance of Appeal Denied May 26, 1981.

Edgar R. Casper, Harrisburg, for appellant.

Sam Mecum, Lancaster, for appellees.

Before SPAETH, SUGERMAN and STRANAHAN, JJ.*

STRANAHAN, Judge:

This is a case in equity in which Herr Abstract Company (hereinafter referred to as Herr) seeks to have declared null and void a deed by which certain property in East Petersburg, Pennsylvania, was conveyed to the appellees, James A. Vance, III, and Cynthia A. Vance. The real estate transaction was not an arms length transaction in that Vance worked for Herr as a job foreman. Vance expressed his interest in purchasing the property and negotiations between Herr and Vance took place over a period of time and finally resulted in the execution of a sales agreement about May 26, 1978.

The agreement purported to require the payment of a deposit of $9,900.00, however, this was not paid because the Vances told Herr that the money was in a savings account and they would prefer to wait until settlement before removing the proceeds from that account.

On June 30, 1978, a settlement was held and the settlement sheet reflected the deposit of $9,900.00 together with additional settlement costs of $2,396.08. This was not correct because the Vances again told Herr that they had had no opportunity to get the funds out of their savings account in order to pay the total amount of $12,296.08.

Shortly thereafter, there was contact between the parties and the Vances were told that unless the money was forth-

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

coming immediately, Herr would have to cancel the settlement and send the mortgage papers back to Lock Haven Savings and Loan, the mortgagee. On Friday, July 7, 1978, Vance told Herr that he had the funds and that Herr should go ahead and record the papers and he would bring a check over to the office on Saturday, July 8. Based on Vance's repeated representations and assurances that the money was available, Herr recorded the deed and mortgage.

Vance did not appear on July 8 to pay over the funds and although there were attempts made to contact him, it was not until July 11 that Vance announced that he had quit his employment with Herr and that he did not have the funds.

Although Lock Havens Savings and Loan Association is named as a defendant, it has indicated no desire to participate in these proceedings. If Herr is successful in obtaining an order declaring the deed and mortgage null and void, Herr will reimburse Lock Haven Savings and Loan in full.

On July 14, 1978, Herr filed a complaint in equity in the Court of Common Pleas in Lancaster County seeking the following relief: (a) that upon payment of the balance of mortgage proceeds by Herr to Lock Haven Savings and Loan, the deed from Herr Abstract Company to James A. Vance, III, and Cynthia A. Vance, dated June 30, 1978 be declared null and void; (b) that defendants be enjoined from executing any transfer or conveyance to third parties of the real estate in question; (c) that appellees, James A. Vance, III, and Cynthia A. Vance pay over to appellant the amount equal to the cost and expenses that have been or could be incurred by appellant on account of appellees' actions; (d) such other equitable relief as the court deems proper.

On August 4, 1978, Herr filed a request for a preliminary injunction and the Vances responded by filing a preliminary objection to the complaint.

On August 7, 1978, a hearing on Herr's request for a preliminary injunction was held and an order was issued granting Herr its request for a preliminary injunction.

On September 14, 1978 Herr's counsel listed Vances' preliminary objections on the pre-trial proceedings list by mail-

ing a praecipe to the prothonotary with notice to Vance by sending a letter to Vances' attorney addressed to him at the address endorsed upon Vances' preliminary objections.

On September 18, 1978, Vances' counsel filed his brief on Vances' preliminary objections. Vances' brief was not served personally on Herr nor on Herr's counsel nor was it mailed to Herr's counsel at the address endorsed by Herr's counsel on Herr's complaint, which was counsel's Harrisburg office. Instead, it was mailed to an office maintained by counsel in Lancaster, Pennsylvania.

On September 25, 1978, a copy of Vances' brief was received at Herr's counsel's office.

On October 3, 1978, Vances' counsel submitted to the court a motion to dismiss the complaint on the basis that Herr's responding brief, pursuant to Local Rule No. 31 of Lancaster County, was required to be filed no later than September 28, 1978 and that to the date of the motion, October 3, 1978, no such brief had been filed.

On the same day, October 3, 1978, the court, in an ex parte proceeding, ordered Herr's complaint dismissed and dissolved the preliminary injunction.

Herr's brief in response to the Vance brief on the preliminary objections was mailed to the court on October 5, received and filed with the court on October 6, 1978. All pleadings and other documents filed by Herr in this matter were endorsed only with Herr's attorney's Harrisburg address.

On October 23, 1978, the court entered a memorandum opinion and order denying Herr's motion to reinstate the complaint and restore the preliminary injunction and in addition, on consideration of Vances' preliminary objections, dismissing the complaint because of alleged adequate remedy at law.

Herr then appealed to this court.

On the appeal, the issues raised by the appellant are two. The first is whether or not the court erred in applying Local Rule 31 thereby dismissing Herr's complaint because he had

not filed a responsive brief within the required ten days. The second issue is whether or not the court was proper in dismissing the complaint because of an adequate remedy of law.

## I. IS LOCAL RULE 31 APPLICABLE?

Rule No. 31 which deals with the filing of briefs provides, in part, as follows:

A. SUBMISSION OF BRIEFS IN PRE–TRIAL PROCEEDINGS. Within five days after the service of notification of a listing on the pre-trial proceedings list, the moving party shall file two copies of a brief with the prothonotary and shall serve copies thereof on all parties or counsel.

The rule further provides:

Within ten days after service of the opposing brief, any party opposing any listed matter shall file with the prothonotary, two copies of a responsive brief, together with any opposing affidavits, depositions, transcripts, or other documents, and within the same period copies of same shall be served on all opposing parties or their counsel.

The rule further provides that failure to comply with the rule shall mean that the parties failing to file the brief shall be deemed not to oppose the listed matter and the moving party may then present the same to the court for the entry of an appropriate order.

■ It appears to this Court that the key phrase that must be determined is what is meant by "shall serve copies thereof on all parties or counsel." It is this Court's opinion that Vances' brief was not served on Herr's counsel in a proper manner and, therefore, Rule 31 has never been activated. There is no dispute that Vances' brief was not personally served on Herr nor on Herr's counsel nor was it mailed to Herr's counsel at the address endorsed by Herr's counsel on Herr's complaint.

■ Since there is nothing in Rule 31 that defines what is meant by service, it is necessary that this Court make that determination. Rule 233(a) of the Pennsylvania Rules of

Civil Procedure deals with service of legal papers other than writs or pleadings. A brief would fall into the category of legal papers other than writs or pleadings. Rule 233(a) provides:

> All legal papers, except writs and pleadings, to be served upon a party under any Rule of Civil Procedure including but not limited to motions, petitions, answers thereto, rules, orders, notices, interrogatories and answers thereto, shall be served by leaving a copy for or mailing a copy to him at the address of the party or his attorney of record endorsed on an appearance or prior pleading of the party.

We believe that that method of service is contemplated by Local Rule 31 and that the forwarding of Vances' brief to a law office not endorsed on the complaint does not constitute proper service. In this situation, Vances' brief was forwarded to Herr's counsel's Lancaster office when, in fact, the address certified on appellant's complaint was the Harrisburg office of appellant's attorney's law firm.

While we recognize the fact that courts must pass local rules in order to expedite the business of the courts, it does appear that Rule 31 is an extremely harsh rule as the court has applied it under the circumstances of this case. It is our opinion that if the rule is to be so strictly applied, then it certainly should be strictly interpreted and it is further our opinion that the word "service" which is given a very technical meaning under Rule 31 should be the type of service that is contemplated under Rule 233 of the Pennsylvania Rules of Civil Procedure.

For this reason, we believe that the lower court erred in denying Herr's Motion to Reinstate the Complaint and Restore the Preliminary Injunction.

## II. SHOULD THE APPELLANT BE PERMITTED TO PROCEED IN EQUITY?

It is our opinion that the lower court also erred in sustaining the appellee's demurrer. The lower court ruled that the appellant's complaint did not set forth a cause of action that should be brought in equity, since the appellant had a full, complete and adequate remedy at law.

■ The lower court gives a correct statement of the law. Equity will not attach where there is a complete and adequate remedy at law. *Meehan v. Cheltenham Township*, 410 Pa. 446, 189 A.2d 593 (1963).

■ The lower court erred, however, in finding that appellant had a complete and adequate remedy at law. If the appellant proceeds on the law side, his potential recovery would be limited to damages equal to the alleged unpaid deposit and the additional settlement costs. His remedy in equity would include the right of recession based on the alleged fraudulent promise by appellee to complete payment of the deposit and additional security costs in July 8, 1978.

Appellant raises the third issue, it being that Rule 31 should not be applied as the result of an ex parte hearing. Since Rule 31 did not attach, we do not consider this argument.

It is the opinion of this Court that the order of the lower court denying Herr's Motion to Reinstate the Complaint and Restore the Preliminary Injunction and in addition dismissing the complaint because of an alleged adequate remedy of law should be reversed and this matter remanded to the lower court for further proceedings in compliance with this opinion.