Daniel A. Marino, Jr. et ux. *v.* Seneca Homes, Inc. et al. Michael Bove t/a Bove Engineering Company, Appellant.

Argued October 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Thomas J. Godlewski, Godlewski & Stewart,* for appellant.

*Robert L. Simmons,* Deputy Attorney General, for appellee, Department of Environmental Resources.

OPINION BY JUDGE MACPHAIL, December 31, 1981:

On January 5, 1979, Mr. and Mrs. Marino (Marinos) filed a complaint in equity against Seneca Homes, Inc. and Hempfield Township Municipal Authority seeking to enjoin those defendants from discharging upon their land water from a sewage treatment plant located on a site adjacent to their property. Several additional defendants have been added to the original suit, including Michael Bove, trading as **Bove Engineering** Company (Bove).[1] Bove subsequently filed a complaint against the Department of Environmental Resources (DER) as an additional defendant,[2] contending that DER negligently approved plans for the sewage plant. DER filed preliminary objections to the complaint including a demurrer alleging the defense of sovereign immunity[3] which was sustained by

---

[1] Bove says that in fact Bove Engineering Company is incorporated and that Bove was an employee, servant, workman and agent of the corporation.

[2] Pa. R.C.P. No. 2252(a) provides that any defendant or additional defendant may join as an additional defendant "any person . . . who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." In the instant case Bove alleges that by reason of its negligence, DER is liable solely or jointly and severally to the Marinos for any damages Marinos may have sustained, and, in the alternative, that if Bove is found to be liable to the Marinos, then DER is "liable over" to Bove.

[3] Pa. R.C.P. No. 1030 requires that the affirmative defense of sovereign immunity shall be set forth in a responsive pleading under "New Matter." No objection to DER's demurrer was made, however, and therefore this procedural defect has been waived. As

the Court of Common Pleas of Westmoreland County. This appeal followed.

Our Supreme Court in *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978) abrogated the doctrine of sovereign immunity in Pennsylvania. In response to *Mayle*, the General Assembly enacted the Act of September 28, 1978, P.L. 788 (Act 152),[4] which reinstates the doctrine of sovereign immunity except for eight categories in which immunity was specifically waived. In determining that sovereign immunity barred the action against DER, the trial court in the instant case relied upon our decision in *Brungard v. Hartman*, 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979). In *Brungard* we found that *Mayle* did not have retroactive effect and that Act 152 could be applied retroactively. The trial court held that since Bove asserted that its cause of action accrued prior to the decision in *Mayle*, the defense of sovereign immunity was available to DER under Act 152. The trial court also held that none of the allegations of Bove's complaint against DER would bring it within any of the eight categories wherein the Commonwealth had waived its defense of immunity. 42 Pa. C. S. §8522.

On June 2, 1980, after the trial court's order was filed, our Supreme Court, in *Gibson v. Commonwealth*, 490 Pa. 156, 415 A.2d 80 (1980), held that the provisions of Act 152 could *not* govern causes which became actionable prior to the effective date of that statute and that *Mayle* must be given retroactive effect. Finally, on July 21, 1980 the Supreme Court vacated the decision of this Court in *Brungard*. *Brungard v.*

___

will appear in this opinion, much of the procedural morass in which the parties now find themselves could have been avoided had the defense been pleaded properly.

[4] Statutory provisions relating to sovereign immunity now appear at 1 Pa. C. S. §2310 and 42 Pa. C. S. §§8521-8528.

*Mansfield State College*, 491 Pa. 114, 419 A.2d 1171 (1980). Thus sovereign immunity presently exists as a statutory defense within the limitations of Act 152 and governs causes of action which accrued on or after September 28, 1978, contrary to the opinion of the trial court which, as we have said, was rendered prior to the recent decisions of our Supreme Court.

It is now firmly established that as to causes of action which accrued prior to September 28, 1978, the defense of sovereign immunity will not lie and with respect to causes of action which accrued on or after September 28, 1978, sovereign immunity is a bar except as to those circumstances set forth in Act 152 where the Commonwealth has waived its immunity. 42 Pa. C. S. §8522.

Notwithstanding this change in the law with respect to the defense of sovereign immunity, DER contends, nevertheless, that the order of the trial court from which this appeal has been taken should be affirmed. Acknowledging that under the law as it now exists, the critical factor which determines whether the defense of sovereign immunity may be asserted successfully by DER is the date on which the cause of action accrued, DER contends that in this case, that date is November 10, 1978. That is the date Marinos allege in their complaint that a letter was sent to Seneca Homes, Inc., who had built the sewage treatment plant, informing that party that the anticipated discharge of effluent onto Marinos' property would constitute a continuing trespass. If we conclude that Bove's cause of action against DER accrued on November 10, 1978, the defense of sovereign immunity may be asserted successfully by DER since such date is after the effective date of Act 152.[5]

---

[5] Although Bove has attempted to argue that Marinos' original cause of action falls within the provisions of 42 Pa. C. S. §8522(b)(4) as an exception to sovereign immunity because the effluent will

Bove, on the other hand, contends that his cause of action accrued when DER negligently approved the plans and specifications submitted by Bove. Unfortunately, Bove does not set forth in his complaint when that approval was issued.[6]

"The true test in determining when a cause of action arises or accrues is to establish the time when the plaintiff could have first maintained the action to a successful conclusion." 51 Am. Jur. 2d *Limitation of Actions,* §107 (1970) (footnote omitted). As a general rule, in tort cases a cause of action accrues at the time of the act or failure to act upon which the claim is based. 22 P.L.E. *Limitation of Actions* §64 (1959). Bove's complaint, as we have noted[7] alleges liability against DER in the alternative. First, Bove says that DER is liable solely or jointly to Marinos. Marinos' suit in equity is based upon a cause of action which alleges anticipatory injury to real property. The *earliest* date that that cause of action could have accrued is November 10, 1978, a date alleged by Marinos in their complaint. Since that date is beyond the effective date of Act 152 any recovery against DER based upon Marinos' cause of action would be barred by sovereign immunity.

In the alternative, Bove alleges that if he is found liable to Marinos, then DER is "liable over" to Bove. A determination of when that cause of action accrues is more difficult. It is true that DER's alleged neg-

flow on a "stream bed", we find such contention to be totally without merit for many reasons, the principal one being that there is no factual allegation in either Marions' or Bove's complaint which mentions a stream bed.

[6] In its opinion, the trial court refers to December 29, 1977 as the date when the approval was given but that date nowhere appears in Bove's complaint against DER. In ruling upon a demurrer, of course, the court is limited to the allegations set forth in the challenged pleading.

[7] *See* note 2 *supra.*

ligence was its issuance of the approval letter, on a date which is not now known to us. Until there has been some damage to Marinos for which Bove has been held liable, however, there can be no liability over against DER. Thus, the cause of action based upon DER's liability over to Bove will not accrue until the date, if any, on which Marinos succeed in their original cause of action and Bove is among those found liable. *See* 8 Goodrich-Amram 2d §2252(a):9 (1977). Obviously, the accrual date of that right of action is sometime in the future and well after the effective date of Act 152.

Bove contends, however, that even though the provisions of Act 152 may bar his cause of action, the Act itself is unconstitutional. DER claims that argument is moot in view of our Supreme Court's decision in *Gibson*. Of course, DER is wrong. *Gibson* held that insofar as Act 152 would make its provisions applicable to causes of action which accrued prior to its effective date, the Act was unconstitutional. As we noted in *Picariello v. Commonwealth*, 54 Pa. Commonwealth Ct. 252, 421 A.2d 477 (1980), the Supreme Court in *Gibson* specifically avoided addressing the constitutional challenge to the act in its entirety.

Bove's constitutional challenge here is grounded upon the Federal and State constitutional due process clauses and Article I, Section 11 of the Pennsylvania Constitution.[8] In *Picariello* we rejected a due process challenge to Act 152. The reasons for doing so there

---

[8] Article I, Section 11 of the Pennsylvania Constitution provides as follows:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

are equally applicable to the case now before us and do not bear repeating. It was Article I, Section 11 that our Supreme Court relied upon in part in reaching its decision in *Gibson* that Act 152 could not have retrospective application to causes of action arising prior to its effective date. The issue which we must now resolve is whether Article I, Section 11 of the Pennsylvania Constitution renders the provisions of Act 152 unconstitutional as applied to causes of action which arise *after* its effective date.

Recently our Supreme Court addressed a constitutional challenge to the validity of Sections 8541-8564 of the Judicial Code, 42 Pa. C. S. §§8541-8564, *formerly* the Political Subdivision Tort Claims Act,[9] which challenge was specifically grounded upon Article I, Section 11. *Carroll v. County of York*, Pa. , A.2d (No. 152 W.D. Misc. Dkt. 1980, filed November 6, 1981). In that case the Court referred to its prior decision in *Mayle* where it said that while the framers of the Pennsylvania Constitution did not intend to grant constitutional immunity to the Commonwealth by the language in Section 11, that Section *did* give authority to the Legislature to choose cases in which the Commonwealth would be immune. The Supreme Court distinguished its action in dismantling a judicially imposed immunity, which the Courts created and could therefore abolish, from an act of the Legislature granting immunity. The Court pointed to other situations where it had held in the past that the Legislature could permissibly limit liability on the basis of the defendant's status. Finally, the Court said that it would not displace ''rationally based legislative judgment.'' It cited the report of the Joint

---

[9] Act of November 26, 1978, P.L. 1399, 53 P.S. §§5311.101-5311. 803, repealed by Section 333 of the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, 42 P.S. §20043.

542

State Government Commission on Sovereign Immunity with approval wherein it was said that the Commonwealth, by providing for limited immunity would not be required to process and defend litigation where risk management was totally uncertain. Our Court used this same financial consideration in *Picariello*.

We think the reasoning in *Carroll* disposes of the constitutional challenge here asserted.

Accordingly, having found that Act 152 is constitutional and that the provisions of that statute apply to the facts in the pleadings now before us, we will affirm the decision of the trial court which sustained the demurrer of DER raising the defense of sovereign immunity.

ORDER

AND Now, this 31st day of December, 1981, the order of the Court of Common Pleas of Westmoreland County dated March 18, 1980 is affirmed.