452 A.2d 230

PECHNER, DORFMAN, WOLFFE, ROUNICK AND
CABOT, Appellants,

v.

PENNSYLVANIA INSURANCE DEPARTMENT, et
al., Appellees.*

John NAGLE and Yonish Trucking, Inc., Appellants,

v.

PENNSYLVANIA INSURANCE DEPARTMENT, et
al., Appellees. *

Supreme Court of Pennsylvania.

Argued April 13, 1982.

Decided Nov. 10, 1982.

* Also named as appellees in both cases are: William J. Sheppard,
Insurance Commissioner, Coal Mine Compensation Rating Bureau of
Pennsylvania, State Workmen's Insurance Board, State Workmen's
Insurance Fund, American Casualty Company, American Mutual
Liability Insurance Company, American States Insurance Corpora-
tion, Employers Mutual Liability Insurance Company of Wisconsin,
Globe Indemnity Company, Lackawanna Casualty Company, Liberty
Mutual Insurance Company, Motorists Beneficial Insurance Compa-
ny, Ohio Casualty Insurance Company, Old Republic Insurance Com-
pany, Pennsylvania Manufacturers Association Insurance Company,
Pennsylvania National Mutual Casualty Insurance Company, Rock-
wood Insurance Company, United States Fidelity and Guaranty Com-
pany, West American Insurance Company, Westmoreland Casualty
Company and John Doe Insurance Company. John Doe and Jane
Doe are listed as appellees in No. 467 only.

140

Leonard Schaeffer, Stanley A. Uhr, Philadelphia, for appellants.

Hannah Leavitt, Asst. Atty. Gen., Harrisburg, for Ins. Dept.

Thomas R. Balaban, William R. Balaban, Harrisburg, for Coal Mine Comp. Rating Bureau, et al.

Robert J. Demer, Harrisburg, for appellees.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

McDERMOTT, Justice.

These are consolidated appeals of Commonwealth Court orders disposing of numerous preliminary objections raised by appellees in opposition to petitions for review filed by

appellants.[1]  Appellants are coal haulers,[2] who, under the Workmen's Compensation Act,[3] are required to purchase black lung disease insurance for protection of their employees.  This coverage was mandated by a 1973 federal statute.[4] The initial rates of premiums for this insurance were set by the Coal Mine Compensation Rating Bureau ("Bureau"), which is authorized by the Insurance Company Law of 1921,[5] and is empowered to classify risks, establish underwriting rules and set premium rates under the supervision of the Insurance Commissioner ("Commissioner").

The premium rates, as originally promulgated, made no distinction between coal haulers, such as appellants, and tunnel mine operators.  Appellants argued that a lower premium should have been set for their employees since coal haulers' activities are confined to the surface where risk of contracting black lung disease is less severe.  To seek redress of this imbalance, appellants filed a petition for review in the nature of an action in equity in Commonwealth Court (No. 1805 C.D. 1976), which was dismissed with instructions that administrative procedures mandated in 40 P.S. § 814 should be followed.[6]  Appellants then sought an administra-

1.  Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 723.

2.  Appellants in No. 467 are John Nagle and Yonish Trucking, Inc. Their attorneys are named as appellants in No. 466, apparently for the purpose of obtaining counsel fees.  Because of the Commonwealth Court's disposition of the cases below, that court had no occasion to fully consider the merits of the claim for attorneys' fees, and appellants do not raise the claim in their briefs to this Court. Accordingly, we do not now consider the issue of attorneys' fees raised in No. 466.

3.  Act of June 2, 1915, P.L. 736, art. I, § 108, as amended, 77 Pa.C.S.A. § 27.1(q).

4.  Black Lung Benefits Act of 1972, 30 U.S.C.A. § 901 et seq.

5.  Act of May 17, 1921, P.L. 682, art. VI, § 654, as amended, Act of July 31, 1941, P.L. 607, § 1, 40 P.S. § 814.  This section has been amended and is currently codified at 40 Pa.C.S.A. § 814.

6.  Section 814 then provided as follows:

tive hearing before the Commissioner. On February 7, 1977, the Commissioner ordered the Bureau to re-evaluate the premiums but declined to rule on appellants' request for a full refund of all overpaid premiums dating back to 1973 when they were first paid.

Pursuant to the Commissioner's February order (hereinafter "February order"), a new, lower premium rate was set by the Bureau. This new rate was implemented in April 1977 with the Commissioner's approval and without objection from appellants. The Commissioner entered a final order in August of 1977 (hereinafter "August order") which granted a refund to appellants dating back to the February order.

While administrative proceedings were still pending following the February order, appellants filed the instant petition for review seeking both legal and equitable relief. As grounds for equitable jurisdiction, appellants alleged class status (i.e., a class of one thousand or more similarly situated coal haulers), and challenged the adequacy of relief provided by the then available administrative procedures under 40 P.S. § 814.

Preliminary objections to this petition for review were filed by the Insurance Department, other Commonwealth agencies (collectively "Commonwealth appellees") and the Commissioner, as well as by the numerous insurance companies ("non-Commonwealth appellees"), which participated in

> Any person, corporate or otherwise aggrieved by such order, classification, rule, rate or schedule issued by the Insurance Commissioner may obtain a review thereof before the Insurance Commissioner, and if still aggrieved by such reviewed order ... may obtain further review thereof in the [Commonwealth Court] by filing in said court a written petition praying that the order ... be modified amended or set aside in whole or in part.
>
> 40 P.S. § 814. Jurisdiction to review such orders of the Commissioner was transferred from the Court of Common Pleas of Dauphin County to the Commonwealth Court pursuant to the Commonwealth Court Act, Act of July 31, 1970, P.L. 680, No. 223, § 508. Following the repeal of this act, similar provisions were included in the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 763. *See also,* Act of July 1, 1980, P.L. 336, No. 84, § 3, *as amended,* 40 Pa.C.S.A. § 814(b) and (c).

the challenged rate setting, provided the coverage in question and were named as co-defendants by appellants in the petition.

The Commonwealth Court, speaking through the late President Judge Bowman, denied appellants' request for equitable relief against the Commissioner, the Commonwealth and non-Commonwealth appellees and dismissed all legal claims against the Commonwealth appellees on the basis of sovereign immunity.[7] Concluding that it lacked jurisdiction over the remaining legal claims against the non-Commonwealth appellees, the lower court then remanded these claims to the appropriate courts of common pleas. *See Nagle v. Pennsylvania Ins. Dept.,* 46 Pa.Cmwlth. 621, 406 A.2d 1229 (1979).

Appellants brought this direct appeal, presenting the following two issues for our review: (1) whether appellants are entitled to invoke the equity jurisdiction of the Commonwealth Court; (2) whether sovereign immunity bars appellants' trespass claims against the Commonwealth appellees. Because we conclude that the statute creating sovereign immunity cannot be retroactively applied to preclude the trespass claims against the Commonwealth appellees, we reverse in part.

## I

We agree with the Commonwealth Court that its equitable jurisdiction does not extend to appellants' claims for equitable relief. It is well settled that equity will not intervene before all available legal remedies are exhausted.[8]

7. The Commonwealth Court correctly dismissed appellants' legal claims against the Commissioner on a basis of common law principles governing *official* immunity, i.e., protection from suit for certain public officials. *See Nagle v. Pennsylvania Ins. Dept.,* 46 Pa.Cmwlth. 621, 628, 406 A.2d 1229, 1234 (1979). *See also, Dubree v. Commonwealth,* 481 Pa. 540, 544, 393 A.2d 293, 295 (1978).

8. Appellants attempt to obviate this rule by arguing that they are within its exception allowing for the invocation of equitable jurisdiction where the available legal remedies are inadequate. In support of this they assert that § 814 provided an inadequate forum for a class

*Robinson v. Abington Education Association,* 492 Pa. 218, 423 A.2d 1014 (1980); *Calabrese v. Collier Township Municipal Authority,* 430 Pa. 289, 240 A.2d 544 (1968); *Pennsylvania Life Insurance Co. v. Pennsylvania National Life Insurance Co.,* 417 Pa. 168, 208 A.2d 780 (1965); *Herr Abstract Co. v. Vance,* 284 Pa.Super. 111, 425 A.2d 444 (1980); *Jostan Inc. v. Mt. Carmel Industrial Fund,* 256 Pa.Super. 353, 389 A.2d 1160 (1978). In this case, appellants attempted to resort to equity without pursuing and exhausting the statutorily prescribed administrative remedies set forth under former Section 814.

■ The Commissioner's August order, which addressed the merits of this controversy and denied the refund sought by appellants, had not been issued at the time appellants attempted to invoke the Commonwealth Court's equitable jurisdiction.[9] Appellants' prayer for equitable jurisdiction was thus premature because appellants had not exhausted their administrative remedies before the Commissioner prior to seeking equity.[10] The Commonwealth Court was there-

action and it did not empower the Commissioner to grant a full refund. In this there is no merit. The mere assertion of class status is inadequate to support the grant of equity jurisdiction. *Lilian v. Commonwealth,* 467 Pa. 15, 354 A.2d 250 (1976). Moreover, appellants' claim that the Commissioner has no power to grant a full refund is not supported in the record or by the terms of the applicable statutes. Consequently, appellants have failed to meet their burden of proving the inadequacy of § 814, which is a prerequisite to the invocation of equitable jurisdiction. *See Lilian.*

**9.** The instant petition seeking equitable jurisdiction was filed March 12, 1977. The final order was entered by the Commissioner on August 10, 1977.

**10.** After the Commissioner handed down his August order denying appellants the refund they sought, appellants filed in Commonwealth Court an appeal of the order. This appeal was completely separate from the instant petition for review seeking equitable jurisdiction and it contained no allegation of tortious conduct. The Commonwealth Court upheld the August order on the grounds that it did not constitute an abuse of discretion by the Commissioner. *Nagle v. Commonwealth,* 48 Pa.Cmwlth. 295, 409 A.2d 525 (1980). Appellants never appealed to this Court the decision affirming the August order.

fore correct in declining to consider appellants' equitable claims.

## II

Appellants' second contention is that the Commonwealth Court's retroactive application of 42 Pa.C.S.A. § 5110 ("Act 152")[11] to bar their cause of action in trespass against the Commonwealth appellees was unconstitutional under Article 1, Section 11 of the Pennsylvania Constitution.[12] On this question we are in agreement with appellants and, accordingly, reverse.

■ Appellants' petition for review, as pointed out by the able opinion of the late President Judge Bowman in the court below, contains both tortious and equitable prayers for relief. *See Nagle v. Pennsylvania Ins. Dept.,* 46 Pa.Cmwlth. 621, 624, 406 A.2d 1229, 1232 (1979). The tortious claims allege that the Commonwealth appellees, i.e., the Insurance Department and other Commonwealth agencies, were negligent in failing to set a lower premium rate for appellants. Since the cause of action against the Commonwealth appellees sounds partially in tort, the court below was required to address the question of whether sovereign immunity would apply as a bar to the tortious claims against the Commonwealth.

In resolving this issue, President Judge Bowman ruled that appellants' tort claims against the Commonwealth were barred. His decision relied on *Brungard v. Hartman,* 46 Pa.Cmwlth. 10, 405 A.2d 1089 (1979), which allowed the

11. Act of September 28, 1978, P.L. 788, No. 152, § 2, 42 Pa.C.S.A. § 5110; repealed and re-enacted at 42 Pa.C.S.A. § 8522 (establishing sovereign immunity with eight defined categories of exceptions).

12. Article 1, Section 11 provides as follows:
   All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.
   Pa.Const. art. 1, § 11.

retroactive application of Act 152 to bar causes of action that accrued prior to its passage.[13] The Commonwealth Court's decision in *Brungard* was appealed to this Court, where it was expressly reversed. *Brungard v. Mansfield State College*, 491 Pa. 114, 419 A.2d 1171 (1980). Citing our opinion in *Gibson v. Commonwealth*, 490 Pa. 156, 415 A.2d 80 (1980), we stated:

> Act 152 cannot be constitutionally applied to actions like the instant one which accrued and were in existence prior to the passage of the Act.

*Brungard v. Mansfield State College*, 491 Pa. at 116, 419 A.2d at 1172.

■ In light of our reasoning in *Gibson* and *Brungard*, we conclude that appellants' tortious claims against the Commonwealth appellees were not barred by passage of Act 152.[14]

13. The Commonwealth Court in *Brungard v. Hartman,* 46 Pa. Cmwlth. 10, 405 A.2d 1089 (1979), and in the instant case attempted to fashion a reasonable approach to cases involving tort claims against the Commonwealth that were temporarily given life by this Court's decision in *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978) (abrogating the judicial doctrine of sovereign immunity), and were then barred again by Act 152, which revived sovereign immunity with eight defined categories of exceptions.

14. In urging that this Court not consider the issue of sovereign immunity, the concurring and dissenting opinion of Mr. Justice Roberts implicitly relies on the decision in *Nagle v. Commonwealth,* 48 Pa.Cmwlth. 295, 409 A.2d 525 (1980), which approved the Commissioner's exercise of his discretion. Without citing any authority for the proposition, the concurring and dissenting opinion argues that appellants may not now litigate their negligence claims in light of the unappealed Commonwealth Court order sustaining the Commissioner's discretion.

We note initially that allegations of tortious conduct and allegations of abuse of administrative discretion are not identical, and that disposition of one of these claims does not necessarily and automatically dispose of the other. *See* Restatement (Second) of Judgments § 27, comment c.

Secondly, assuming as does the concurring and dissenting opinion that the issues of negligence and abuse of discretion are related closely enough to permit litigation of the one to foreclose litigation of the other, we cannot agree that appellants have completely waived their rights to appeal either issue simply because they chose to seek

■ Accordingly, the order of the Commonwealth Court appealed from in No. 466, denying appellants counsel fees, is affirmed. The order of the Commonwealth Court appealed from in No. 467, sustaining apellees' preliminary objections is reversed insofar as it dismisses appellants' trespass claims against the Commonwealth appellees on the basis of sovereign immunity. These cases are remanded to the Commonwealth Court for proceedings consistent with this opinion.

NIX, J., files a concurring opinion.

O'BRIEN, C.J., files a concurring and dissenting opinion.

ROBERTS, J., files a concurring and dissenting opinion in which HUTCHINSON, J., joins.

NIX, Justice, concurring.

The majority again relies upon *Gibson v. Commonwealth,* 490 Pa. 156, 415 A.2d 80 (1980) to deny the legislative grant of retroactivity provided under Act 152, 42 Pa.C.S.A. § 5110. I noted my dissent in *Gibson, supra,* 490 Pa. at 166, 415 A.2d at 85, and set forth at length the basis for my disagreement in *Bershefsky v. Commonwealth,* 491 Pa. 102, 105–113, 418 A.2d 1331, 1332–36 (1980) (Nix, J. dissenting). I am still firmly convinced of the unsoundness of the reasoning of *Gibson* and the error of its conclusion. Regrettably, a majority of this Court has persisted in that view, *Brungard v. Mansfield State College,* 491 Pa. 114, 419 A.2d 1171 (1980); *Bershefsky v. Commonwealth, supra,* and I concede that the

review in the instant case rather than in the case subsequently decided by the Commonwealth Court.

Not only would this result fall harshly on appellants, but it would be counter-productive to the interests of judicial economy. Under the rule articulated by the concurring and dissenting opinion, in order to preserve the negligence claims asserted here, appellants would have been required to appeal not only the order at issue here, but also the subsequent order of the Commonwealth Court in *Nagle v. Commonwealth,* 48 Pa.Cmwlth. 295, 409 A.2d 525 (1980). Such a requirement would further clog our dockets, encourage duplicative appeals and place an unnecessary burden on litigants such as appellants.

opinion of Mr. Justice McDermott accurately reflects the law as it has been stated by a majority of this Court. Since a continuous unavailing "cry in the wilderness" will serve no further jurisprudential purpose, I join the opinion.

O'BRIEN, Chief Justice, concurring and dissenting.

I join in the majority opinion to the extent that it affirms the orders of the Commonwealth Court. I dissent from the section of the majority opinion which reverses the Commonwealth Court order sustaining appellees' preliminary objection on sovereign immunity grounds. I remain convinced that, under Article I, Section 11 of the Pennsylvania Constitution, the doctrine of absolute sovereign immunity was part of the common law of this Commonwealth until Act 152 limited the scope of the doctrine.

ROBERTS, Justice, concurring and dissenting.

I dissent from the mandate insofar as it reverses the order of the Commonwealth Court at No. 467 January Term, 1979, and remands for further proceedings. A remand will unnecessarily consume scarce judicial resources, and will put the parties, including the Commonwealth, through the expense of needless additional litigation.

The Commonwealth Court has already determined that the Insurance Commissioner reasonably exercised his discretion in refusing to award a refund of premium payments retroactive to 1973. In sustaining the Commissioner's exercise of discretion, the Commonwealth Court stated:

"[T]here is no evidence that the initial classification and rate were patently erroneous or unsupported by information then available regarding the relationship of black lung to the coal-hauling industry.... Petitioners [(the coal haulers)] were unable to persuade the Commissioner on the record of the hearing below that coal haulers were improperly included or improperly classified as to 1976."

*Nagle v. Commonwealth of Pennsylvania, Insurance Department ex rel. Sheppard,* 48 Pa.Cmwlth. 295, 302, 409 A.2d 525, 528 (1980). This adjudication alone will, on remand, compel the dismissal of appellants' counts against the named Commonwealth agencies.

The majority offers no explanation of how it would reconcile the Commonwealth Court's determination that the Insurance Commissioner acted reasonably with a ruling which would permit the present action in trespass to proceed to trial on a theory of negligent conduct. At the heart of appellants' cause of action in trespass is the allegation that , the Insurance Commissioner has acted unreasonably. However, there can be no basis for a theory of negligent conduct on the part of the Commonwealth or its officials for improperly implementing insurance rates where that very conduct has been sustained against a claim of unreasonableness: absent unreasonableness, there is no negligence. Because appellants' cause of action in trespass *depends* upon a determination that the Insurance Commissioner acted unreasonably, it must be concluded that the Commonwealth Court's decision sustaining the Insurance Commissioner forecloses the present action.*

On this record, there is no reason for the majority to reach the issue of whether the doctrine of sovereign immunity applies. Rather, the order of the Commonwealth Court should be affirmed in its entirety. See *Gilbert v. Korvette's Inc.,* 457 Pa. 602, 327 A.2d 94 (1974) (reviewing court may affirm on any ground).

HUTCHINSON, J., joins in this concurring and dissenting opinion.

* Surely the present action in trespass, brought while an action for review of the same issue was pending in an administrative tribunal, should not be permitted to serve as a vehicle to circumvent the Commonwealth Court's order affirming the administrative determination, from which order no petition for allowance of appeal was filed.