**Louey v. Germany Township**

*John R. White* and *Michael A. George,* for plaintiffs.

*William A. Jones,* for defendants.

KUHN, *J.,* October 3, 1986—On February 10, 1986, plaintiffs filed a four-count complaint.[1] Therein they have alleged a history of problems between the parties from 1975 to the present.

Count II alleges that defendants have acted in an intentional and malicious manner toward plaintiffs. They claim all defendants have maliciously abused their powers by failing to act upon certain subdivision and septic permits and that defendant Krebs, the Township Secretary, has pursued a private vendetta against plaintiffs.

The averred history is not easily summarized. Mr. Louey states that in July, 1975, he opposed a township transaction because of an apparent conflict of interest by a then member of the board of supervisors. Then from September, 1975, to June, 1976, Mr. Louey and Secretary Krebs disputed the enforcement of a weed control ordinance.

The subdivision dispute began in October, 1977, when plaintiffs submitted a plan to the planning commission. The plans were again submitted to the planning commission on February 1, 1978, and forwarded to the board of supervisors on February 3, 1978. The planning commission last reviewed the plan on February 22, 1978. The supervisors reviewed the plan again on September 1, 1978, and voted to reject it on November 3, 1978. President Judge Oscar F. Spicer ruled on November 28, 1984,

---

1. During argument court, plaintiffs' counsel orally agreed to withdraw Count I, which alleged defendants' negligence.

that the plan was deemed approved in a mandamus action[2] brought by plaintiffs against the supervisors and the planning commission because of failure to comply with section 10508(2) of the Municipalities Planning Code, 53 P.S. §10508(3).

In May, 1981, plaintiffs paid the township sewage enforcement officer for soils testing on the subject lots and by letter of June 3, 1981, the township informed plaintiffs that the results could not be submitted to the Department of Environmental Resources until subdivision approval. On November 3, 1981, the township again informed plaintiffs that their subdivision had not been approved.

On August 2, 1982, Secretary Krebs notified plaintiffs of a building ordinance problem, but the matter apparently was not pursued.

On February 5, 1985, the supervisors acted upon plaintiffs' requests for sewer permits, and permits were finally issued September 23, 1985. On December 13, 1985, Secretary Krebs requested plaintiffs to certify that their lots fronted on a private right-of-way having access to a public road.

Finally, plaintiffs allege that on January 27, 1986, Supervisor Gerrick[3] related to another person that plaintiffs would never be granted building permits because their lots were less than a one acre minimum.

As a result of these actions, plaintiffs claim they have suffered financially from the loss of use of proceeds expected from the sale of their lots, together with additional legal fees, real estate taxes, and

---

2. Filed April 26, 1982, to no. 82-S-213. See 26 Adams County L.J. 108 for Judge Spicer's opinion.

3. Mr. Gerrick has not been named as an individual defendant.

maintenance costs. In addition, plaintiffs seek punitive damages.

Count III claims intentional interference with contractual rights and incorporates the aforementioned allegations and damage claims. Furthermore, plaintiffs claim that they had prospective buyers for the lots in June, 1978. By failing to issue subdivision and septic permits, defendants are to have intentionally made the property unmarketable. Plaintiffs claim that defendants continue to hamper their efforts to transfer the property.

Count IV claims intentional infliction of emotional distress and incorporates all the aforementioned allegations. Plaintiffs claim that Mr. Louey has suffered severe emotional distress and hospitalization as a result of defendants' actions.

Defendants have moved for judgment on the pleadings and argue that plaintiffs' claims are barred by the two-year statute of limitations set forth in 42 Pa.C.S. §5524 and the governmental immunity provisions set forth in 42 Pa.C.S. §8541, et. seq.

We have stated before that,

"A motion for judgment on the pleadings under Pa. R.C.P. §1034 is, in effect, a demurrer before trial, and in considering the motion, the Court is guided by the same principles applicable in disposing of a preliminary objection in the nature of a demurrer. The purpose of the motion is to determine whether, on the pleadings, it would be useless to proceed to trial. Therefore, the court must accept as true only admitted averments of fact by the opposing party which are material and relevant and which are contained in the pleadings and documents attached thereto. Judgment on the pleadings should be entered only where the right is clear and free from doubt. London v. Kindsley, 368 Pa. 109, 111, 81

A.2d 870, 871 (1951); Bogojavlensky v. Logan, 181 Pa. Super. 312, 316, 124 A.2d 412, 416 (1956); Bata v. Central Penn National Bank of Philadelphia, 423 Pa. 373, 378, 224 A.2d 174, 178-9 (1966), cert. den. 386 U.S. 1007, 18 L.Ed.2d 433, 87 S. Ct. 1348." Jankowski v. Ski Roundtop, Inc. ____ Ad. Co. L.J. ____ (September 10, 1986, No. 83-S-662).

Initially, we note that plaintiffs have not only agreed to withdraw Count I but to also dismiss Germany Township from this litigation.

For reasons which will soon appear obvious, we will address the immunity question first. The Board of Supervisors, the Township Planning Commission, and Secretary Krebs claim that the allegations against them are barred by the provisions of Section 8541, et seq., of the Judicial Code, 42 Pa. C.S. 8541, et seq. In response to Ayela v. Philadelphia Board of Education, 453 Pa. 584, 305 A.2d 877 (1973), the legislature reinstated the immunity of the Commonwealth's political subdivisions and governmental agencies.

Subject to the exceptions set forth in Section 8542(b) (1)-(8)[4], ". . . no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof . . ." 42 Pa. C.S. §8541. A local agency is defined as "a governmental unit other than the Commonwealth government," including an "intermediate unit." 42 Pa. C.S. §8501. Thus, a Parking Authority, E-Z Parks, Inc. v. Larson, 91 Pa. Commw. 600, 498 A.2d 1364 (1985); a Prison Board and a County Board of Commissioners, Damron v. Smith, 616 F. Supp. 424 (E.D., Pa. 1985), have been held to be local agencies. We see no difference between these agencies and a board of supervisors

_____

4. None of these exceptions apply in this case.

or a planning commission for immunity purposes.

Secretary Krebs asserts that as an employee of the local agency, he is entitled to the same immunity. 42 Pa. C.S. §8545. An employee consists of any person who (1) acts on behalf of the agency, (2) temporarily or permanently, (3) whether or not compensated, and (4) whether elected, appointed, or a volunteer. 42 Pa. C.S. §8501. Kreb's claim of immunity under §8545 would be valid unless the act of the employee which causes the injury constitutes "a crime, actual malice or willful misconduct." 42 Pa. C.S. §8550. The allegations against Secretary Krebs are couched in terms of malice and willful misconduct. Although factual allegations and not the parties' characterization of conduct governs, Franklin Township v. Herring and Topper, 28 Ad. Co. L.J. 1 (1986), the court is not prepared to comment on the sufficiency of the allegations at this stage of the proceedings. Thus, the claim against Krebs is not barred by the immunity provisions.

42 Pa. C.S. §8550 affects only those immunities held by municipal employees and does not affect the general retention of municipal immunity. Buskirk v. Seiple, 560 F. Supp. 247, 252 (E.D., Pa. 1983). Plaintiffs therefore argue that the board of supervisors and the planning commission are employees. We reject this argument. Individual members would constitute employees under the definition of that term, however, plaintiffs have not named any individual members of the board or commission in their complaint. The board or the commission itself does not constitute any employee of the township.

In light of our resolution of the immunity issue, we need not address the statute of limitations question raised by the board of supervisors and the planning commission. We cannot precisely determine whether defendant Krebs has preserved the statute

of limitations issue because defendants' brief seems to address the statute only as it relates to the other defendants. Nevertheless, we will dispose of this issue.

The statute of limitations normally begins to run when the cause of action accrues, Pennsylvania Turnpike Commission v. Atlantic Richfield Company, 31 Pa. Commw. 212, 375 A.2d 890 (1977), affirmed 482 Pa. 615, 394 A.2d 491 (1978), and generally a tort cause of action accrues at the time of the act or of the failure to act upon which the claim is based. Marino v. Seneca Homes, Inc., 63 Pa. Commw. 534, 539, 439 A.2d 1287, 1290 (1981), appeal dismissed, 499 Pa. 61, 451 A.2d 444 (1982). However, when the pleading alleges that the wrongful conduct has continued to the present, it is not time barred. Linker v. Custom-Bilt Machinery, Inc., 594 F. Supp. 894, 903 (E.D., Pa. 1984). Therefore, a cause of action for a continuing injury accrues only when the wrong terminates. Stuebig v. Hammel, 446 F. Supp. 31, 35 (M.D., Pa. 1977). Here, the cause of action is time barred if it accrued before February 10, 1984, two years prior to the filing of the complaint.

Again, reviewing the relevant allegations, plaintiffs complain that defendant Krebs has a personal vendetta against them. In 1975, Krebs allegedly supported and approved a transaction involving a conflict of interest between the township and a third party to which Mr. Louey objected. In 1976, Secretary Krebs and Mr. Louey became involved in an unspecified dispute over a weed ordinance. In September, 1978, plaintiffs appeared before the board of supervisors to review the subdivision plan. Krebs was present as board secretary. In November, 1978, Secretary Krebs notified plaintiffs of the reasons their plan was rejected. On June 3, 1981, Secretary

Krebs again advised plaintiffs of certain subdivision and sewage permit concerns. On November 3, 1981, Secretary Krebs, on behalf of the supervisors, advised plaintiffs that their plan had not been approved by the supervisors the previous night. On August 2, 1982, Krebs notified Mr. Louey of a Township Building Ordinance violation. After Judge Spicer ordered a deemed approval of the subdivision plan in November, 1984, Secretary Krebs on December 13, 1985, requested Mr. Louey to certify the existence of a private right-of-way giving the lots access to a public road.

Despite our reservations about the legal sufficiency of plaintiffs' claim, it is clear that the allegations against Krebs continue beyond the February 10, 1984, date.

Accordingly, we enter the attached.

### ORDER OF COURT

And now, this October 3, 1986, defendant's motion for judgment on the pleadings is granted to the extent that the complaint against the board of supervisors and the township planning commission is dismissed because of governmental immunity; otherwise, the motion is denied.

Count I of the complaint is withdrawn and Germany Township is dismissed as a party.