This decision was reached prior to the resignation of Judge WILLIAMS, JR.

Bernard Fitzgerald, on behalf of himself and a class of all persons similarly situated, Appellant v. City of Philadelphia, Appellee.

City of Philadelphia, Appellant v. Bernard Fitzgerald, on behalf of himself and a class of all persons similarly situated, Appellee.

Argued June 5, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and PALLADINO.

*William A. Goichman*, with him, *David M. Rosenfield* and *Kenneth R. Gross, Rosenfield, Azrak, Ring & Benn;* Of Counsel: *Laurence Ring*, for appellant/appellee, Bernard Fitzgerald et al.

*John M. Myers,* with him, *Amy E. Katz,* Assistant City Solicitor, and *Barbara W. Mather,* City Solicitor, for appellee/appellant, City of Philadelphia.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 11, 1985:

Bernard Fitzgerald and the City of Philadelphia cross appeal from two Philadelphia County Common Pleas Court orders. We affirm as to the amount of damages; we reverse as to the award of counsel fees.

Fitzgerald filed a class action suit challenging the constitutionality of procedures under one of the City's towing ordinances. Representing a class of individuals whose vehicles had been towed and who—through plea or adjudication—were determined to have violated parking regulations,[1] he alleged the ordinance[2] offended procedural due process by not providing for a prompt hearing on the validity of a tow. The ordinance required that a towing and storage fee be paid before a vehicle would be released, with a hearing on a tow's legality (usually five weeks) later in Philadelphia Traffic Court.

Acting on cross-motions for summary judgment, the trial court on September 3, 1982, ruled that the ordinance's provision for a delayed hearing was unconstitutional. The court also disallowed Fitzgerald's request for punitive damages and decertified the class since only nominal damages were to be awarded. In addition, the court postponed action on Fitzgerald's request for an injunction in order to allow the City to implement proper constitutional procedures;[3] it also

---

[1] This class was certified by the trial court on September 28, 1981.

[2] Section 12-2406 of the Philadelphia Code.

[3] The City had already stopped the unconstitutional practice, as it initiated constitutionally sufficient procedures on June 11, 1982, pursuant to its settlement of *Ludwig v. Moak* (No. 2819 August

granted him reasonable attorney fees. On July 29, 1983, an order awarded Fitzgerald $38,700 in counsel fees, to be paid by the City.

Fitzgerald appeals that part of the September 3, 1982 order which (1) limits damages to a nominal amount,[4] arguing that class members are entitled to refunds of towing and storage fees, (2) set the amount of counsel fees awarded, contending that the City should also pay the fees due while he pursued the counsel fees award.

The City moves to quash and/or dismiss these appeals. We will first address the arguments raised in this motion.

The City first contends in its motion that Fitzgerald's brief was not timely filed. This fails because the brief was sent by first-class mail on the filing deadline and is thus deemed to be filed on that date. Pa. R.A.P. 121(a).[5] The next contention is that the text of Fitzgerald's brief raises arguments not contained in its Statement of Questions Involved, and it is likewise without merit. Pa. R.A.P. 2116(a) merely requires that the Statement of Questions Involved set forth *or suggest* the arguments to follow. Although

---

Term 1974, C.P. Phila.), a separate class action that also challenged the constitutionality of delayed hearings on the validity of a tow.

[4] The trial court calculated the damages to each class member to be the "interest on $40 (the sum illegally paid in advance of hearing) for approximately five weeks, . . . at most, . . . fifty cents." *Fitzgerald v. City of Philadelphia* (No. 3526 May Term 1978, C.P. Phila., filed July 29, 1983), slip op. at 10. The court accordingly decertified the class pursuant to Pa. R.C.P. 1708(a)(7), since the amount to be recovered by each class member would have been de minimis in relation to the expense and administration of a class action.

[5] The City complains that Fitzgerald never provided it with a certificate of service, as required by Pa. R.A.P. 121(b). This mere inconvenience did not amount to prejudice. This is not to say we treat lightly counsel's ignorance of an application of our rules.

the City accurately argues that Fitzgerald failed to either designate those parts of the record which he intended to reproduce or identify the issues presented for review, it does not allege significant prejudice. The City next argues that Fitzgerald waived all issues on this appeal because he failed to file exceptions in the trial court, citing Pa. R.C.P. Nos. 1518 and 1519.[6] However, these rules are not applicable because the orders do not contain all the essential requirements of an adjudication as defined in Pa. R.C.P. No. 1517 (a),[7] nor do they indicate on their face that they are decrees nisi to which exceptions may be filed. *Commonwealth v. Derry Township,* 466 Pa. 31, 351 A.2d 606 (1976). Finally, the City contends that Fitzgerald cannot now object to the September 3, 1982 order because he never formally appealed it. His notice of appeal refers merely to the July 29, 1983 order. While we might disagree with Fitzgerald's characterization of the September 3, 1982 order as interlocutory, and thus non-appealable, the trial court was at best vague on this point. Since the trial court did expressly retain jurisdiction on the entire matter, we will consider the appeal of this order to be proper.

---

[6] Rule 1518 required that exceptions to an adjudication be filed within twenty days after notice of the filing of the adjudication, and stated that matters not covered by an exception were deemed waived. Rule 1519 provided, in pertinent part, that if no exceptions were filed within Rule 1518's twenty-day period, the adjudication would be entered as a final decree. These rules have since been rescinded, and their subject matter is now covered by Pa. R.C.P. No. 227.1, effective January 1, 1984.

[7] Rule 1517(a) states that

[t]he adjudication shall consist of (1) a statement of the issues; (2) a closely condensed chronological statement, in narrative form or in separate findings, of all the facts which are necessary to be known in order to determine the issues; (3) a discussion of the questions of law involved and the court's conclusions of law and (4) a decree nisi.

The City's motion is therefore denied, and we will now consider the merits of Fitzgerald's appeal.

## DAMAGES

We see no error in the trial court's refusal to refund the towing and storage fees to class members. It found constitutional defect *only* in the collection of these fees without having provided the opportunity for a prompt hearing; it found no defect in the hearing procedures. The trial court accurately reasoned that since the Traffic Court hearing engaged adequate procedures, the class members suffered no harm by the ultimate adjudicated loss of the monies paid. The injury was the loss of the *use* the monies paid for these fees during the period of unconstitutional delay. The court properly considered this as the basis for its award of damages.

## COUNSEL FEES

The City argues that Fitzgerald is entitled to *no* counsel fees, contending that the trial court was without authority to impose fees. We agree.

One must compensate his counsel in the absence of an express statutory authorization or some established exception. *International Organization Master, Mates and Pilots of America, Local No. 2 v. International Organization Masters, Mates and Pilots of America, Inc.*, 497 Pa. 102, 439 A.2d 621 (1981). Section 1726(1) of the Judicial Code provides that "[a]ttorney's fees are not an item of taxable costs *except to the extent authorized by section 2503....*" 42 Pa. C. S. §1726(1) (emphasis added). Section 2503 enumerates ten instances in which attorney fees are to be included in taxable costs. 42 Pa. C. S. §2503.[8] None of these pro-

---

[8] Section 2503 provides:
§2503. Right of participants to receive counsel fees

visions are applicable. Specifically, Section 2503(8) is inapplicable because there is no fund which had been created within the lower court's jurisdiction. Since the trial court decertified the class pursuant to Pa. R.C.P. No. 1708(a)(7) due to the nominal damage award, no common class fund was created.

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

(1) The holder of bonds of a private corporation who successfully recovers due and unpaid interest, the liability for the payment of which was denied by the corporation.

(2) A garnishee who enters an appearance in a matter which is discontinued prior to answer filed.

(3) A garnishee who is found to have in his possession or control no indebtedness due to or other property of the debtor except such, if any, as has been admitted by answer filed.

(4) A possessor of property claimed by two or more other persons, if the possessor interpleads the rival claimants, disclaims all interest in the property and disposes of the property as the court may direct.

(5) The prevailing party in an interpleader proceeding in connection with execution upon a judgment.

(6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of any matter.

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

(8) Any participant who is awarded counsel fees out of a fund within the jurisdiction of the court pursuant to any general rule relating to an award of counsel fees from a fund within the jurisdiction of the court.

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

(10) Any other participant in such circumstances as may be specified by statute heretofore or hereafter enacted.

Fitzgerald cites *Nagle v. Pennsylvania Insurance Department,* 46 Pa. Commonwealth Ct. 621, 406 A.2d 1229 (1979), *aff'd in part, rev'd in part, Pechner, Dorfman, Wolffe, Rounick and Cabot v. Pennsylvania Insurance Department,* 499 Pa. 139, 452 A.2d 230 (1982), for the broad proposition that a class action representative may recover attorney fees *from his opponent* whenever the benefitted class's recovery is insufficient to reimburse him. When read in context and with reference to the authorities it cites, however, *Nagle* is plainly limited to the "common fund" exception, which applies when an action by one beneficiary of a pre-existing fund protects the interests of the other beneficiaries, thus justifying an award of attorney fees *from the fund.* Since there was neither a class to enjoy the benefits of Fitzgerald's efforts, nor a common fund within the court's jurisdiction from which to pay him counsel fees, *Nagle* is inappropriate.

Moreover, Fitzgerald is not entitled to counsel fees under 42 U.S.C. §1988 because, having neither pleaded nor argued a right to fees under that statute in the trial court, he waived the same. The lower court improperly ordered attorney fees to be paid by a party opponent; therefore, the award and order are reversed.[9]

The trial court's order is affirmed, except as it relates to counsel fees.

### ORDER

The City of Philadelphia's motion to quash and/or dismiss the appeal of Bernard Fitzgerald is denied.

---

[9] Since we hold that no counsel fees whatsoever are owed by the City to Fitzgerald, we need not reach the City's alternative contention that the trial court erred in refusing to permit discovery or provide a hearing on the size of the attorney fee award. Moreover, this holding disposes of Fitzgerald's argument that he was entitled to counsel fees charged for time spent in pursuit of an attorney fee award.

The orders of the Court of Common Pleas of Phila-delphia County in No. 3526 May Term 1978, dated September 3, 1982, and July 29, 1983, are affirmed as to the amount of damages and reversed as to the award of counsel fees.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.

---

CONCURRING AND DISSENTING OPINION BY JUDGE DOYLE:

I dissent only from that portion of the majority's opinion which denies counsel fees for work in further-ance of Fitzgerald's claim (as distinguished from work done in furtherance of the claim for counsel fees). The majority in footnote 3 states:

> The City had already stopped the unconstitu-tional practice, as it initiated constitutionally sufficient procedures on June 11, 1982, pur-suant to its settlement of Ludwig v. Moak (No. 2819 August Term 1974, C.P. Phila.), a sepa-rate class action that also challenged the con-stitutionality of delayed hearings on the valid-ity of a tow.

In fact, the trial court in its opinion stated:

> Although the settlement [in Ludwig] included an agreement by the City to make available timely hearings on the propriety of the tow, such procedures had not been requested by the plaintiff class. Plaintiff class did not seek a declaratory judgment holding the ordinance un-constitutional; the City never acknowledged the constitutional deficiencies. To the contrary, de-fendant [City] argued in its brief of August 27, 1982, in the instant case that the ordinance was constitutional as written and applied. . . . More-over, the class in the instant case was specifi-

cally defined to exclude those persons within the class certified in Ludwig v. Moak. As non-members of the Plaintiff class in Ludwig, and, therefore, non-parties to the settlement therein, Plaintiff in the instant case and members of the class would not have standing to enforce the terms of the settlement stipulation. (Footnotes omitted.)

Because *Ludwig* did not decide the constitutional question and thus, did not moot the constitutional issue, Fitzgerald's action is the action responsible for determining that the ordinance was unconstitutional with respect to its failure to provide a timely hearing.

The majority opines that in order for an award of attorney fees to be permitted, there must be both a common fund and a class action. I do not agree. As this Court stated in *Nagle v. Pennsylvania Insurance Department*, 46 Pa. Commonwealth Ct. 621, 638, 406 A.2d 1229, 1238 (1979); *aff'd in part, rev'd in part, Pechner, Dorfman, Wolffe, Rounick and Cabot v. Pennsylvania Insurance Department*, 499 Pa. 139, 452 A.2d 230 (1982):

[A] litigant is ordinarily responsible for the fees of counsel employed by him, absent express statutory authorization for the award of such fees. An exception does arise in the situation where an attorney's services to his client create a fund for the benefit of others as well as his own client, *or, corollarily, when an action by one of a class is necessary to protect the interest of the class. . . .* (Emphasis added.)

Thus, an award of counsel fees may be premised upon the creation of a common fund *or* upon what may be deemed a private attorney general theory. It is the latter situation which applies here. Clearly, the present suit is responsible for the holding that the ordinance is constitutionally infirm. The public has bene-

fitted from this holding and its rights have been protected by Fitzgerald's suit. It is my view, therefore, that reasonable attorney's fees should be awarded.

Judge WILLIAMS, JR. joins in this concurring and dissenting opinion.