569 A.2d 422

**Robert KWALWASSER, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, and Kerry Coal Co., Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1989.

Decided Feb. 1, 1990.

Robert P. Ging, Jr., Confluence, for petitioner.

Ward T. Kelsey, Asst. Counsel, for respondent, Com. of Pa.

Before COLINS and McGINLEY; JJ., and NARICK, Senior Judge.

COLINS, Judge.

Robert Kwalwasser (Kwalwasser) petitions for review of an opinion and order of the Environmental Hearing Board (Board) dated December 22, 1988, which denied him an award of costs and attorneys fees under Section 4(b) of the Surface Mining Conservation and Reclamation Act (SMCRA), Act of May 31, 1945, P.L. 1198, *as amended*, 52 P.S. § 1396.4(b).

The Department of Environmental Resources (DER) issued a surface mining permit No. 10800108 (the permit) to Kerry Coal Company (Kerry Coal) February 13, 1984. Kwalwasser appealed the issuance of the permit to the Board raising a plethora of issues. In addition, Kwalwasser filed a petition for supersedeas and a motion for declaratory judgment. Kerry Coal responded with a motion to strike. The Board, by letter dated April 12, 1984, informed Kwalwasser that he failed to show the requisite harm for a supersedeas, 25 Pa.Code § 21.78(a)(1), and that it would defer ruling on the declaratory judgment motion in favor of letting the appeal run its normal course.

In the interest of expediency, the Board ordered Kwalwasser to provide a statement of those issues that he believed he had standing to raise. Kwalwasser did so but did not specify how some of the issues impacted upon him as an adjacent landowner. Therefore, the Board in its opinion and order of November 15, 1984 held that Kwalwasser did not have standing to raise some issues; that Kwalwasser was required to demonstrate standing on some issues in order to have them considered and that it would limit its consideration of issues at the hearing accordingly. Kwalwasser petitioned this Court for permission to appeal that order. Judge Craig issued an order December 21, 1984 denying the petition on the basis that the Board's order constituted an uncertified interlocutory order.

Hearings were held before the Board and the Board issued an opinion and order on January 24, 1986, concluding that DER abused its discretion in issuing the permit without considering whether the noise generated by the mining

activity might rise to the level of a public nuisance and whether Kerry Coal should be required to monitor its compliance with the permit's dust control plan. The Board suspended the permit and remanded the matter to DER for further review of those issues.

Kerry Coal filed a motion for supersedeas of the permit suspension and petitioned the Board for reconsideration of its decision. The Board denied the petition for reconsideration February 28, 1986, but did not rule on the motion for supersedeas.

, Kerry Coal petitioned this Court for review of the January 24, 1986 order of the Board and filed a motion for supersedeas. Kwalwasser filed an answer and motion to strike. By order dated April 1, 1986, the motion to strike was denied, Kerry Coal's motion for supersedeas was granted as to that portion of the Board's order suspending Kerry Coal's permit, and the motion for supersedeas with respect to that portion of the Board's order remanding the matter to DER was denied.[1]

Kwalwasser petitioned the Board for attorneys' fees April 24, 1986, asserting that he was the prevailing party in the matter because Kerry Coal's petition for reconsideration was denied. Kerry Coal filed a motion to strike for lack of jurisdiction because an appeal to this Court was pending. The Board issued an order June 2, 1986, which deferred any action on Kwalwasser's petition for counsel fees pending final disposition of this matter in the Pennsylvania appellate courts pursuant to Pa.R.A.P. 1701 and denied Kerry Coal's motion to strike.

By order dated November 19, 1987, this Court quashed Kerry Coal's petition for review of the Board's January 24, 1986 order as interlocutory. Kerry Coal petitioned the Supreme Court of Pennsylvania for allowance of appeal, which was subsequently denied.

1. DER completed its review, upon remand, of the noise and dust-monitoring concerns. By letter to the Board dated July 16, 1987, DER concluded that neither the noise nor the dust-monitoring concerns justified denial or modification of the permit. Kwalwasser did not appeal this decision.

With the appeals process exhausted, the Board assumed jurisdiction over Kwalwasser's petition for counsel fees. The Board issued its decision December 22, 1988, concluding that Kwalwasser's "fleeting" success in obtaining an interlocutory order on two minor issues and a two month suspension of the permit was not sufficient to warrant an award of fees and costs under Section 4(b) of SMCRA. Kwalwasser now appeals to this Court from the Board's denial of his petition for counsel fees.

The sole issue presented is whether the Board abused its discretion under Section 4(b) of SMCRA in denying Kwalwasser's petition for counsel fees on the basis that his transitory success in obtaining an interlocutory order on two minor issues and a two-month suspension of the permit was not sufficient to warrant an award of counsel fees. The issue is one of first impression for this Court. Further, there is no Pennsylvania case law construing that portion of Section 4(b) of SMCRA authorizing the award of costs and counsel fees.

Section 4(b) of SMCRA provides for procedures to follow when seeking a permit. It also provides in pertinent part:

[a]ny person having an interest which is or may be adversely affected by any action of the department under this section may proceed to lodge an appeal with the Environmental Hearing Board.... The Environmental Hearing Board, upon the request of any party, *may in its discretion order the payment of costs and attorney's fees it determines to have been reasonably incurred* by such party in proceedings pursuant to this section.... (Emphasis added.)

52 P.S. § 1396.4(b).[2]

We must construe statutory language in accordance with its common and approved usage. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a). The language of the statute clearly vests broad discretion in

---

**2.** In the absence of express statutory authority, it is the general rule that each party pays its own attorney fees. *Fitzgerald v. City of Philadelphia,* 87 Pa. Commonwealth Ct. 482, 487 A.2d 485 (1985).

the Board in awarding costs and attorneys fees. There are no further guidelines provided in the statute addressing when costs and fees may be awarded.

Initially, we note that an agency's exercise of its discretion cannot be overturned by a reviewing court in the absence of fraud, bad faith or a flagrant abuse of discretion. *Pennsylvania Industries for the Blind and Handicapped v. Department of General Services*, 116 Pa. Commonwealth Ct. 264, 541 A.2d 1164 (1988). The fact that this Court may disagree with the result or reasoning below is not sufficient grounds upon which to find an abuse of discretion. A reviewing court may not substitute its discretion for that of the agency. *Mathies Coal Co. v. Department of Environmental Resources*, 522 Pa. 7, 559 A.2d 506 (1989).

In exercising its discretion, the Board considered whether Kwalwasser was a prevailing party and whether he had achieved at a minimum, some degree of success on the merits. Kwalwasser argues that that determination should have been made based upon the posture of the case at the time the petition for counsel fees was filed. He maintains that he was the prevailing party at that point in time because the permit had been suspended and the case had been remanded to DER for further review of the noise and dust issues. The Board rejected this argument on the basis that a final order is a necessary prerequisite to an award of fees and costs and Kwalwasser's status as a prevailing party was correctly measured at that time. DER's action on the remanded issues, reported in its July 16, 1987 letter, a copy of which was mailed to Kwalwasser, became final when no appeal was timely filed. The Board pointed out that while the record does not show when this occurred, it was probably some time in the latter part of August 1987.

As the Board noted in its opinion, while the suspension of the permit appeared to be a success for Kwalwasser, it proved to be illusory. This Court lifted the suspension after approximately sixty days and the suspension was never reinstated. Furthermore, DER's reconsideration of

the noise and dust concerns on remand resulted in its affirmance of the terms of the permit as originally issued. We hold the Board committed no abuse of discretion in its determination that Kwalwasser's success in obtaining an interlocutory order for the remand on the noise and dust concerns and a two month suspension of the permit was not sufficient to warrant the award of fees and costs under Section 4(b) of SMCRA.

Consequently, the order of the Board is affirmed.

## ORDER

AND NOW, this 1st day of February, 1990, the order of the Environmental Hearing Board in the above-captioned matter is affirmed.