SOLEBURY TOWNSHIP, Petitioner

v.

DEPARTMENT OF ENVIRONMEN-
TAL PROTECTION and Department
of Transportation, Respondents.

Buckingham Township, Petitioner

v.

Department of Environmental Protec-
tion and Department of Trans-
portation, Respondents.

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 2004.
Decided Dec. 8, 2004.

Paul A. Logan, King of Prussia, for petitioner, Solebury Township.

Robert J. Sugarman, Philadelphia, for petitioner, Buckingham Township.

Neal T. Brofee, Harrisburg, for respondent, Dept. of Transportation.

Anderson L. Hartzell, Norristown, for respondent, Dept. of Environmental Protection.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

Solebury Township (Solebury) and Buckingham Township (Buckingham) petition for review of the Environmental Hearing Board's (EHB) order that dismissed Solebury and Buckingham's appeals of separate requests for attorneys' fees and costs. These cases have been consolidated on appeal because of common questions of fact and law. Additionally, Buckingham has raised a separate issue, not directly addressed by the EHB below, asking leave to amend its request for attorneys' fees and costs to include a request for fees and costs under Section 307(b) of the law known as the Clean Streams Law.[1] We vacate and remand these cases to the EHB for determination of fees and costs and allow Buckingham to amend its request to seek fees and costs under the Clean Streams Law.[2]

These cases arose after Solebury and Buckingham appealed the January 20,

[1]. Clean Streams Law, Act of June 22, 1937, P.L.1987, *as amended,* 35 P.S. § 691.307(b).

[2]. The standard of review involving agency adjudications is limited to a determination of whether constitutional rights have been violated, errors of law have been committed, or whether the findings of the agency are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan),* 531 Pa. 287, 612 A.2d 434 (1992).

1999 decision of the Department of Environmental Protection (DEP) granting the Department of Transportation (DOT) a Water Quality Certification (WQC) issued in connection with a proposed highway construction plan. The highway construction plan at issue is the U.S. Route 202 Bypass that would connect Upper Gwynedd Township to the existing State Route 611 Bypass in Doylestown Township. DEP and DOT were unsuccessful in their efforts to have the petitioners' appeals dismissed, and limited discovery was completed, as well as the filing of cross-motions for summary judgment. The cross-motions for summary judgment were scheduled for oral argument before the EHB on November 13, 2003. However, on November 6, 2003, seven days prior to argument, DOT requested the rescission of the WQC. On November 10, 2003, three days prior to argument, DEP rescinded the WQC. And on November 12, 2003, one day prior to argument, DOT filed a motion to dismiss the appeals, arguing that the issue was now moot. The EHB postponed the argument scheduled for November 13, 2003, and Solebury and Buckingham· filed responses opposing the motion to dismiss. On January 16, 2004, EHB granted DOT's motion to dismiss, finding that the appeals were moot. Solebury timely filed a request for an award of attorneys' fees and costs under the law known as the Costs Act [3] and under Section 307(b) of the Clean Streams Law. Buckingham timely filed a request for attorneys' fees under the Costs Act. Six days after the 30 day filing period expired, Buckingham submitted an application to amend its request to include fees and costs under the Clean Streams Law. Solebury and Buckingham's requests were both rejected under the Costs Act, and those rejections are not appealed to this Court. The requests for fees and costs

under Section 307(b) of the Clean Streams Law, and consequently leave to amend Buckingham's request, were also denied, and these denials are the subject of the current consolidated appeal.

The Clean Streams Law grants the EHB broad discretion as to whether to award fees and costs. Section 307(b) states in relevant part, "The Environmental Hearing Board, upon request of any party, may in its discretion order the payment of costs and attorney's fees it determines to have been reasonably incurred by such party in proceedings pursuant to this act."

■ DOT and DEP argue that Solebury and Buckingham did not properly bring a proceeding pursuant to the Clean Streams Law, because the fee shifting provision applies only to permit challenges. This technical argument is unavailing, because while a WQC is not called a permit, it is a prerequisite, as well as a precursor, to the issuance of a permit. Clearly then, DOT was in the process of seeking a permit when challenged, and that challenge was therefore pursuant to the Clean Streams Law. The Pennsylvania Supreme Court instructs us that fee shifting provisions are to be construed liberally "to justly compensate parties who have been obliged to incur necessary expenses in prosecuting lawful claims." *Lucchino v. Department of Environmental Protection*, 570 Pa. 277, 285, 809 A.2d 264, 269 (2002). Consequently, the Clean Streams Law fee shifting provisions are available to Solebury and Buckingham to make a request for fees and costs.

■ As an initial matter, there is no reason not to allow Buckingham leave to amend its request for fees and costs to include the Clean Streams Law as a ground for recovery. Buckingham timely

---

**3.** Act of December 13, 1982, P.L. 1127, No. 257, *as amended,* 71 P.S. §§ 2031–2035.

filed its request for fees and costs under the Costs Act. As a consequence, DOT and DEP were on notice that Buckingham was seeking fees and costs. Further, Solebury had timely included the Clean Streams Law's fee shifting provision as a ground for relief. Therefore, DOT and DEP were also on notice that the Clean Streams Law was a ground for seeking costs and fees in this same action and for the same reasons. Where no prejudice can be shown to result from amending a claim for fees and costs, permission should be granted. *Scarborough v. Principi*, 541 U.S. 401, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004).

▉▉ In addressing the joint issues in this case the Court applies a four part test to determine whether fees and costs should be awarded as set forth in *Kwalwasser v. Department of Environmental Resources*, 131 Pa.Cmwlth. 77, 569 A.2d 422 (1990); *Big B. Mining Co. v. Department of Environmental Resources*, 155 Pa. Cmwlth. 16, 624 A.2d 713, 715 *petition for allowance of appeal denied*, 535 Pa. 649, 633 A.2d 153 (1993). This test requires that: 1) a final order must have been issued; 2) the applicant for the fees and expenses must be the prevailing party; 3) the applicant must have achieved some success on the merits; and 4) the applicant must have made a substantial contribution to a full and final determination of the issues. The EHB below applied this test and concluded that neither Buckingham nor Solebury satisfied the test's requirements. We disagree.

First, there has been a final order in this case, and there is no dispute on this issue. The EHB dismissed Solebury and Buckingham's appeals as moot when DOT and DEP moved to dismiss after DOT requested rescission of the WQC and DEP complied with that request.

Second, Solebury and Buckingham are, in fact, prevailing parties. Solebury and Buckingham sought the rescission of the WQC, and that was the result of their litigation. The fact that Solebury and Buckingham were denied an opportunity to fully argue their case and attempt to invalidate the WQC issuance process as practiced by DOT and DEP is irrelevant. The Court notes, that the same test is applied under the Costs Act and that Section 2 of the Costs Act, 71 P.S. § 2032, defines a "prevailing party" as follows: "A party in whose favor an adjudication is rendered on the merits of the case or *who prevails due to withdrawal or termination of charges by the Commonwealth Agency* or who obtains a favorable settlement approved by the Commonwealth Agency initiating the case." (Emphasis added.) Clearly, Solebury and Buckingham were ultimately seeking a rescission of the WQC, and their strategy of attacking the process was but a means to an end. Solebury and Buckingham were successful in achieving that end even where DEP and DOT withdrew the WQC voluntarily.

Third, Solebury and Buckingham have achieved some success on the merits. While the EHB contends in its opinion and order that "correlation does not suggest causation," we find this statement to be logically flawed on its face. Correlation does indeed suggest causation. This suggestion of causation coupled with the completely unexplained rescission of the WQC at the last possible moment prior to argument only strengthens the suggestion that Solebury and Buckingham's appeals were the cause of DOT and DEP's motion to dismiss. In its brief DOT asks that this Court take judicial notice of the fact that the Rendell Administration came to power since the appeals to the EHB were filed in this case and that the Commonwealth's highway construction projects have come under review. While these events are a matter of public record, the Court is un-

able to infer that these events were the cause of the WQC rescission in that the U.S. Route 202 Bypass Project has not been abandoned by the Commonwealth as a consequence. Here, we have no correlation whatsoever that might suggest causation. Rather than offering any credible reason for requesting the rescission of the WQC, DOT has argued that they need not offer any reason at all. This Court cannot close its eyes to the inevitable conclusion that DEP and DOT sought to suddenly avoid a full argument on the merits for either no reason at all or because their legal position was untenable. In either case Solebury and Buckingham have achieved at least some success on the merits.

Fourth, Solebury and Buckingham have made substantial contributions to a full and final determination on the merits. The challenges to DEP's issuance of the WQC were the only contributions to the final determination in this case as there is no evidence to show that the WQC would have been rescinded otherwise. And the fact that there was no further determination on the merits is due only to DEP and DOT's last minute rescission of the WQC, which this Court sees as a last ditch effort to avoid not only further determination on the merits, but also, to avoid the fee shifting provisions at issue in this appeal.

Public policy considerations have guided the foregoing analysis. Fee shifting provisions are enacted to diminish the "chilling effect" of challenging administrative agency actions. *Lucchino,* 570 Pa. at 286, 809 A.2d at 269. Were this Court to affirm the EHB on these facts it would serve only to enhance, not diminish, the chilling effect of seeking review of administrative agency action. Solebury and Buckingham's challenges initially survived motions to dismiss, the parties engaged in discovery, and cross-motions for summary judgment were filed and set for argument, all the while incurring substantial fees and costs. For DEP and DOT to suddenly and inexplicably rescind the challenged WQC, thus avoiding further review on the merits, and then claim that fees and costs are inappropriate where Solebury and Buckingham have achieved their ultimate objective is disingenuous. Such vexatious conduct by administrative agencies is precisely what fee shifting provisions seek to deter and is the reason why these provisions are to be construed liberally. *See, Id.* Therefore, we find that the EHB erred in denying Solebury and Buckingham's requests for fees and costs.

Accordingly, we vacate the order of the EHB and remand for proceedings consistent with this opinion.

### ORDER

AND NOW, this 8th day of December 2004, the order of the Environmental Hearing Board is vacated, and this matter is remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.