IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kimberly D. Morgan,                          : **CASES CONSOLIDATED**
                              Appellant    :
                                           :
            v.                             : No.  1093 C.D. 2022
                                           :
The Stotesbury Community                   :
Association, Inc.                          :


Kimberly D. Morgan                         :
                                           :
            v.                             : No.  1125 C.D. 2022
                                           : Submitted:  December 4, 2023
The Stotesbury Community                   :
Association, Inc.,                         :
                              Appellant    :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                          FILED:  January 19, 2024


In these consolidated appeals, Kimberly D. Morgan (Morgan) and the

Stotesbury Community Association, Inc. (Association) appeal the Court of Common

Pleas of Montgomery County's (trial court) order dated August 31, 2022 (Order),

which granted in part and denied in part Morgan's motion for an award of attorney

fees and costs and denied the Association's motion for an award of attorney fees and costs. After review, we affirm.

The trial court aptly set forth the factual background underlying this dispute in its Rule 1925(a) Opinion,[1] dated Dec. 6, 2022 (Trial Court Opinion), as follows:

> The planned community, known as Stotesbury, is located in Springfield Township. Stotesbury was created pursuant to a Declaration of Community Covenants, Restrictions and Easements dated September 26, 1979, and recorded with the Recorder of Deeds ("the Declaration"). [The Association] is the unit owners' association for Stotesbury. It is governed by a Board of Directors ("the Board"), subject to the Declaration and the Bylaws of the Association. [Morgan] is the owner of a residential townhouse unit in Stotesbury.
>
> At the time that [Morgan] purchased her unit in November 1990, a retaining wall ("the Old Wall") had been installed. The length of the Old Wall was located approximately 50% in [Morgan's] backyard, within the boundaries and near the rear border of her unit, and approximately 50% on adjacent property that was common area owned by the Association. Beginning in 2004 and continuing thereafter, [Morgan] notified the Association, through its property management company and the Board, that the Old Wall was deteriorating and falling apart. The Association was not responsive.
>
> In 2014, [Morgan] engaged Max L. Lieberman, Esquire, [(Morgan's Counsel)] to press her concerns to the Association. By letter to the property manager dated December 14, 2015, [Morgan's Counsel] reiterated [Morgan's] concerns about the Old Wall and the need to replace it. Enclosed with the letter was the report of an engineering firm engaged by [Morgan], recommending replacement of the Old Wall. At a meeting of the Board on March 24, 2016, the Board discussed that the Old Wall needed to be replaced.
>
> The Old Wall functioned as a single structure and could only be replaced *in toto*. The Board engaged a contractor for removal and replacement of the Old Wall for the sum of $7,685. The Board did not consult with or collaborate with [Morgan] in the selection of the contractor or of the design for the replacement wall.

---

[1] *See* Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a).

By letter dated September 29, 2016, Stefan Richter, Esquire, [(the Association's Counsel)] . . . notified [Morgan's Counsel] that [Morgan] would be responsible for one-half of the cost of the work and that if she refused to pay, the Association would sue her to recover this amount together with costs and attorney fees. By a responsive letter dated October 6, 2016, [Morgan's Counsel] informed [the Association's Counsel] that [Morgan] objected to paying half the cost and also that she considered the proposed design of the replacement wall to be inadequate. Enclosed with the letter were a report from another engineering firm engaged by [Morgan] and estimates from two contractors for the more extensive work that [Morgan] was demanding.

On or about October 24, 2016, the Association's contractor removed the Old Wall and installed a replacement wall ("the New Wall"). The New Wall was erected in substantially the same location as the Old Wall, with the design to which [Morgan] had objected. Like the Old Wall, the New Wall functions as a single structure and can only be replaced *in toto*.

By letter to [the Association's Counsel] dated November 28, 2016, [Morgan's Counsel] stated that the New Wall was inadequate and needed to be replaced. Enclosed with the letter was a supplemental engineering report regarding the New Wall. Also enclosed was an "invoice" rendered by [Morgan] to the Association for fees from the two engineering firms she had engaged and for [Morgan's Counsel's] fees. By letters to [Morgan's Counsel] dated January 5, 2017, and March 24, 2017, respectively, [the Association's Counsel] reiterated the Association's demand for payment by [Morgan] of one-half of the $7,685 cost of the New Wall – i.e., $3,842.50. The March 24 letter again threatened suit if payment was not made.

[Morgan] commenced this action against the Association by Writ of Summons on October 2, 2018. Her Complaint, filed January 22, 2019, asserted five counts. Count I sought a declaratory judgment that, inter alia, [Morgan] is not responsible for one-half of the cost of replacing the Old Wall and that the Association bears sole responsibility for the maintenance, repair, and replacement of the New Wall as necessary. Count I also sought unspecified damages, punitive damages, and attorney fees. Counts II (injunctive relief), III (nuisance) and IV (breach of contract) sought injunctive relief and monetary damages, including attorney fees, on the ground that the New Wall was inadequate and needed to be replaced. Count V, for implied contract,

quasi-contract, and unjust enrichment, sought recovery of the engineering fees that [Morgan] had incurred.

[A n]onjury trial was held on June 15 and 16, 2022. At the outset of trial, it was agreed that any award of attorney fees incurred in connection with the litigation would be reserved and would be raised by motion after issuance of the Court's decision. That procedure was reconfirmed at the close of the trial.

Trial Court Opinion, 12/6/22, at 1-4 (footnotes, headnotes and internal citations omitted).

On June 23, 2022, the trial court issued its decision on the underlying dispute. The trial court determined under the Uniform Planned Community Act (Act),[2] the Association bore the sole responsibility for replacing the Old Wall and maintaining the New Wall. *Id*. at 4. Therefore, it found in favor of Morgan on Count I, but did not award compensatory damages because the Association had paid its contractor in full for the replacement of the Old Wall, and it did not award punitive damages because it found the Association had not acted willfully. *Id*. at 6. On Counts II through IV, the trial court found the New Wall was structurally sound and in good condition and did not need to be replaced. *Id*. Therefore, the trial court found in favor of the Association. *Id*. Similarly, as to Count V, for unjust enrichment, the trial court found in favor of the Association. *Id*. Neither party challenged the trial court's decision.

On July 5, 2022, both Morgan and the Association filed motions seeking an award of attorney fees and costs. Morgan sought an award of $280,066.13. The Association sought an award of approximately $81,860.80.

---

[2] 68 Pa.C.S. §§ 5101-5414.

In its Order, the trial court granted Morgan's request, in part, by awarding her attorney fees in the amount of $50,000. The trial court denied the Association's request for attorney fees entirely. The trial court explained its reasoning as follows:

> In determining the parties' respective requests for fees and costs under [S]ection 5412 of the [Act], the [trial court] has considered primarily the following factors . . . .

- This dispute arose from the Association's repeated insistence that [Morgan] bear one-half the expense of replacing the Old Wall and its threats to sue her to recover that amount. As the [trial court's d]ecision explains, while this position was apparently asserted by the Association in good faith, it did not represent a reasonable interpretation of the Act. But for the Association's position, it is possible that litigation would have been avoided.

- At the same time, the [trial court] found [Morgan's] challenges to the adequacy of the New Wall to be without sufficient supporting evidence. These issues accounted for the great majority of time spent on discovery and trial. [Morgan's] persistence in seeking to require the Association to remove and rebuild the New Wall made settlement of this matter especially difficult. Unlike the Association's position on the cost of replacing the Old Wall, however, [Morgan's] challenges to the adequacy of the New Wall were not unreasonable.

- In the attorney invoices submitted by [Morgan], the descriptions of the subject matter of work performed are heavily redacted. As a result, the allocation of time spent between the issues on which [Morgan] prevailed and those on which she did not prevail is problematic.

- Section 5412 [of the Act] authorizes the [trial court], in a suit for violation of the Act or the declaration or bylaws, to award costs and reasonable attorney[] fees to the prevailing party "if appropriate" – language that vests the [trial court] with broad discretion. The Association's reading of this provision – that it applies only when punitive damages are awarded – is inconsistent with its language and legislative history.

Trial Court Opinion, 12/6/22, at 8.

On September 9, 2022, Morgan filed a motion for partial reconsideration of the trial court's Order and on September 12, 2022, the Association responded with a cross-motion for reconsideration of the trial court's Order. On September 19, 2022, the trial court denied both motions for reconsideration.

Both Morgan and the Association now appeal to this Court. On appeal, Morgan argues the trial court committed an error of law and abused its discretion by awarding her only $50,000 in costs and attorney fees when the statute authorizing the award of attorney fees compelled an award of $280,066.13. Morgan's Br. at 4. Regarding the Association's request for attorney fees, Morgan contends the trial court properly exercised its discretion in denying the Association's request because the trial court determined the Association's conduct to be unreasonable and an award of attorney fees and costs would not be appropriate. *Id*. Meanwhile, the Association asserts the trial court erred and abused its discretion by denying the Association's motion for attorney fees and expenses in its entirety when the Association acted in good faith and prevailed on the majority of the initial claims. Association's Br. at 5. Regarding the trial court's award of attorney fees to Morgan, the Association contends the applicable statutory scheme did not compel the trial court to award the full amount of requested attorney fees to Morgan and the trial court did not abuse its discretion in awarding $50,000 in attorney fees and costs. Association's Third-Step Br. at 2, 5, 13.

## DISCUSSION

Where an award of attorney fees is authorized by statute, we review the trial court's fee award under an abuse of discretion standard. *Samuel-Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1, 51 (Pa. 2011). An abuse of discretion requires a "showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or

6

such lack of support as to be clearly erroneous." *Wagner v. Pa. Capitol Police Dep't*, 132 A.3d 1051, 1057-59 (Pa. Cmwlth. 2016) (quoting *Paden v. Baker Concrete Constr., Inc.*, 658 A.2d 341, 343 (Pa. 1995)). We will not find "an abuse of discretion . . . merely because [we] might have reached a different conclusion." *Id.* So "long as the trial court reviews the record . . . it is difficult for an appellate court to hold a trial court abused its discretion in issuing a particular award of attorney fees." *Arches Condo. Ass'n v. Robinson*, 131 A.3d 122, 132-33 (Pa. Cmwlth. 2015). Credibility and conflicts in the evidence are for the trial court to resolve. *Beaver Falls Mun. Auth. ex rel. Penndale Water Line Extension v. Beaver Falls Mun. Auth.*, 960 A.2d 933, 940 (Pa. Cmwlth. 2008). This Court will "not disturb a trial court's credibility determinations where explained" or obvious from the record. *Id.* Where the trial court's discretion is challenged on appeal, the challenging party bears a heavy burden. *Paden*, 658 A.2d at 343. To the extent we address issues of statutory interpretation, our scope of review is plenary, and our standard of review is *de novo*. *Samuel-Bassett*, 34 A.3d at 51. This means that as to these issues, we do not defer to the trial court when reaching a decision and we review the entire record on appeal. *Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1082 (Pa. 2012) (citing *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. & Parole)*, 860 A.2d 25, 29 n.2 (Pa. 2004)).

First, we address Morgan's argument that the trial court erred at law and abused its discretion when it awarded her $50,000 in attorney fees rather than the $280,066.13 she requested. Morgan asserts the "statutory scheme under the plain language of the [Act] . . . compel[ ] that she be made whole and awarded" her entire requested amount. Morgan's Br. at 16. We disagree.

7

It is the general rule that absent express statutory authority, each party pays its own attorney fees. *Fitzgerald v. City of Phila.,* 487 A.2d 485 (Pa. Cmwlth. 1985); *see also* Section 1726(a)(1) of the Judicial Code, 42 Pa.C.S. § 1726(a)(1) (providing attorney fees are not an item of taxable costs except as permitted by Section 2503 of the Judicial Code, 42 Pa.C.S. § 2503, relating to the right of participants to receive counsel fees, which is not at issue here). Here, the parties' underlying dispute arose under the Act and Section 5412 of the Act, which provides:

> If a declarant or any other person subject to this subpart violates any provision of this subpart or any provisions of the declaration or bylaws, any person or class of persons adversely affected by the violation has a claim for appropriate relief. Punitive damages may be awarded in the case of a willful violation of the subpart and, if appropriate, the prevailing party may be entitled to an award of costs and reasonable attorney fees.

68 Pa.C.S. § 5412.

The Statutory Construction Act of 1972 (Statutory Construction Act), 1 Pa.C.S. §§ 1501-1991, provides "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). Generally, the best indication of legislative intent is the plain language of a statute. *Commonwealth v. Shiffler*, 879 A.2d 185, 189 (Pa. 2005). It is well settled that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. §1921(b). Furthermore, we construe the words and phrases of a statute "according to rules of grammar and according to their common and approved usage." 1 Pa.C.S. § 1903(a).

Section 5412 of the Act plainly provides "**if appropriate**, the prevailing party **may** be entitled to an award of costs and **reasonable** attorney fees." 68 Pa.C.S. §

8

5412 (emphasis added).  The use of the phrase "if appropriate" and the word "may" are crucial in interpreting the meaning of the statute.  "Although 'may' can mean the same as 'shall' where a statute directs the doing of a thing for the sake of justice, it ordinarily is employed in the permissive sense."  *Commonwealth v. Garland*, 142 A.2d 14, 17, n.5 (Pa. 1958) (internal citations omitted).  Here, the word "may" is coupled with the phrase "if appropriate."  This plain permissive language leaves the decision of whether to award attorney fees at all to the sound discretion of the trial court.  Moreover, the statute is clear that any award of attorney fees must be reasonable.

Generally, the courts retain discretion to determine what is reasonable when awarding attorney fees.  *Oberneder v. Link Comput. Corp.*, 696 A.2d 148, 151 (Pa. 1997).  As the Pennsylvania Supreme Court outlined in *In re Trust Estate of LaRocca*,

> the amount of fees to be allowed to counsel, always a subject of delicacy if not difficulty, is one peculiarly within the discretion of the court of first instance.  Its opportunities of judging the exact amount of labor, skill, and responsibility involved, as well as its knowledge of the rate of professional compensation usual at the time and place, are necessarily greater than ours[.]

246 A.2d 337, 340 (Pa. 1968) (citation omitted).  Thus, a trial court's award should be based on "all the circumstances" of a case and it is up to the court to determine whether certain tasks constitute a reasonable legal response to an action or, instead, have an attenuated relation to the action.  *Twp. of Millcreek v. Angela Cres Trust of June 25, 1988*, 222 A.3d 1199, 1208 (Pa. Cmwlth. 2019).

In *LaRocca*, the Pennsylvania Supreme Court outlined the specific factors to be considered when determining reasonableness as follows:

9

the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was 'created' by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question.

*LaRocca*, 246 A.2d at 339-40. Notably, the trial court need not address every *LaRocca* factor because any one or a combination of those factors may convince the trial court a fee other than the requested fee is justified. *Carmen Enters., Inc. v. Murpenter, LLC*, 185 A.3d 380, 390 (Pa. Super. 2018) (citation omitted). Further, while the trial court must sufficiently explain its reasoning to enable meaningful appellate review, the trial court is not required to "delineate with specificity . . . every reason for every disallowance of every aspect of the fee request." *Twp. of Millcreek*, 222 A.3d at 1206-07 (citing *In re Appeal of Silverman*, 90 A.3d 771, 786 (Pa. Cmwlth. 2014)).

Initially, we reject Morgan's assertion that the plain language of the Act mandates she receive the full amount of her requested award. Morgan relies on Section 5114 of the Act,[3] which provides the Act's provisions are to be "liberally administered to the end that the aggrieved party is put in as good a position as if the other party had fully performed." 68 Pa.C.S. § 5114. Morgan contends this requires attorney fees authorized under Section 5412 of the Act "must be liberally awarded to make the aggrieved party whole." Morgan's Br. at 16. She interprets this to necessitate an award equal to the full amount of her requested attorney fees. However, the plain language of the Act grants the trial court discretion whether to award attorney fees at all, and if it does, mandates the trial court to ensure awarded

---

[3] 68 Pa.C.S. § 5114.

attorney fees are reasonable. To interpret the Act as Morgan suggests would obliviate the trial court's discretion in determining the reasonableness of attorney fees. Because the plain language of the statute requires the trial court ensure awarded attorney fees are reasonable, Morgan's interpretation of the Act would lead to an absurd result whereby a court would be required to award attorney fees paid by the party, even when those fees were unreasonable. A party is free to pursue all means and costs necessary in litigation, but it does not necessarily follow that the fees and costs incurred are reasonable. Therefore, we decline to adopt Morgan's interpretation of the Act, which is inconsistent with the plain language of the statute.

Similarly, we reject Morgan's arguments that the trial court abused its discretion by reducing her award of attorney fees. When determining its fee award, the trial court considered the relative degrees of success of the parties in the underlying litigation, the complexities of the legal issues involved, and the amount of work performed and required by the attorneys involved. The trial court determined that because Morgan only "prevailed" on one of the issues before the trial court, which was a less complex issue, a reduced award was warranted under the circumstances. Morgan asserts the trial court improperly considered the redacted billing statements as a basis to depart from the requested fee award and its award was "arbitrarily selected." Morgan's Br. at 37. However, the redacted billing statement was just one of the various factors considered by the trial court. Overall, the trial court was familiar with the underlying dispute, the litigation, and the parties. The trial court considered appropriate factors when fashioning a fair and reasonable attorney fee. The trial court's decision was not manifestly unreasonable, and the trial court did not act with partiality, prejudice, bias, or ill-will. Accordingly, we

11

discern no legal error or abuse of discretion in the trial court's award of $50,000 in attorney fees to Morgan.

Next, we turn to the Association's argument that the trial court erred or abused its discretion when it denied its request for attorney fees. The Association asserts because it prevailed on four out of five counts in the underlying dispute, the trial court erred by failing to award it attorney fees. The Association relies on this Court's holding in *Serota v. London-Towne Homeowners' Association* (Pa. Cmwlth., No. 1451 C.D. 2017, filed Nov. 16, 2018).[4] In *Serota*, an owner of numerous townhomes in a planned community filed suit against a homeowner's association challenging the passage of an amendment that diluted the owner's voting power. *Id*., slip op. at 1. After prevailing in the underlying dispute, the owner sought an award of attorney fees and costs under, *inter alia*, a previous version of Section 5412 of the Act, which notably did not reference attorney fees. *Id*. The trial court rejected the owner's argument that he was entitled to an award of attorney fees and held the Act did not mandate an award of attorney fees. *Id*. On appeal, this Court affirmed the trial court's decision. *Id*. In considering the language of the Act and the Uniform Law Comment, we explained:

> Contrary to [the owner's] contentions, however, neither the statutory language of Section 5412 of the [Act] nor the Uniform Law Comment **mandate** an award of attorneys' fees. As observed by [the trial court], the statutory language at that time did not refer to attorneys' fees. And, while the Uniform Law Comment does refer to attorneys' fees, such reference is not binding on the court and, additionally, it considers the award of such fees to be **within the discretion of the court.** Given the parties' arguments before [the trial court], [the trial court] could have exercised its discretion to award attorneys' fees, but **it was not obligated to do so**. We discern no abuse of discretion in [the trial

---

[4] Under Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion of this Court may be cited as persuasive authority.

12

court's] decision not to award attorneys' fees, given the complexity of the underlying litigation and [the trial court's] familiarity with the litigation between these parties, including [the underlying lawsuit] and a second lawsuit that was eventually settled.

*Id*. (emphasis in original).

Here, while the Association acknowledges the *Serota* holding in its brief, it asserts this decision supports its argument that the trial court erred or abused its discretion by failing to award it attorney fees. We disagree. Rather, our decision in *Serota* supports our affirmance of the trial court's determination. Here, just as in *Serota,* and as we explained above, the plain language of Section 5412 of the Act grants the trial court discretion regarding whether to award attorney fees. We acknowledge the Association prevailed on numerous counts in the underlying dispute, but contrary to the Association's assertion, the Act does not mandate an award of attorney fees. The Association fails to point to any evidence in the record or any authority demonstrating the trial court's decision was manifestly unreasonable or the trial court acted with partiality, prejudice, bias, or ill-will in denying its request. Accordingly, we cannot conclude the trial court abused its discretion by refusing to award the Association attorney fees.

## CONCLUSION

The trial court did not err or abuse its discretion when it issued its Order granting, in part, Morgan's request for attorney fees and denying the Association's request for attorney fees. The plain language of Section 5412 of the Act grants the trial court discretion to award attorney fees to a prevailing party. Moreover, the Act mandates the trial court ensure an award of attorney fees is reasonable. The trial court, familiar with the litigation and parties in the underlying dispute, properly considered various factors, including the complexity of the litigation, the degree of success of the parties, and the amount of work necessary for the attorneys to properly

13

conduct the litigation, in fashioning its fee award. Neither party demonstrated the trial court's decision was manifestly unreasonable or the trial court acted with partiality, prejudice, or ill-will. Accordingly, we discern no abuse of discretion under the circumstances of this case. We therefore affirm the trial court's Order.

_____
STACY WALLACE, Judge

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Kimberly D. Morgan, | : **CASES CONSOLIDATED** |
| Appellant | : |
| | : |
| v. | : No. 1093 C.D. 2022 |
| | : |
| The Stotesbury Community | : |
| Association, Inc. | : |
| | |
| Kimberly D. Morgan | : |
| | : |
| v. | : No. 1125 C.D. 2022 |
| | : |
| The Stotesbury Community | : |
| Association, Inc., | : |
| Appellant | : |

# **O R D E R**

    **AND NOW**, this 19th day of January 2024, the Court of Common Pleas of Montgomery County's order dated August 31, 2022, is **AFFIRMED**.

 

_____
STACY WALLACE, Judge